# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| In re:<br><br>Q'MAX AMERICA, INC.,<br><br>    Debtor. | § § § § § | Chapter 7<br><br>Case No. 20-60030-CML<br><br>**Emergency Hearing Requested** |
| In re:<br><br>Anchor Drilling Fluids USA, LLC,<br><br>    Debtor. | § § § § § | Chapter 7<br><br>Case No. 20-60031-CML |

## TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 7 CASES AND (II) GRANTING RELATED RELIEF

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE

Christopher R. Murray, Chapter 7 Trustee ("**Trustee**") for the above-captioned debtors (collectively, "**Debtors**") states as follows in support of this motion.

## RELIEF REQUESTED

1. The Trustee seeks entry of an order, substantially in the form attached hereto ("**Order**"), (a) directing joint administration of the Debtors' chapter 7 cases, with the jointly administered cases for procedural purposes only, and (b) granting related relief.

2. Specifically, the Debtors request that one file and one docket be maintained for the Debtors' chapter 7 cases under the case of Q'Max America Inc. and that the Debtors' chapter 7 cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| Q'Max America Inc., *et al.*,[1] | § § | Case No. 20-60030-CML |
| Debtors. | § § § | (Jointly Administered) |

1. The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319); and Anchor Drilling Fluids USA, LLC (5395).

3. The Trustee further requests that the Court (as defined herein) order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. The Trustee also requests that a docket entry, substantially similar to the following, be entered on the docket of Anchor Drilling Fluids USA, LLC to reflect the joint administration of the Debtors' chapter 7 cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of this chapter 7 case of Q'Max America Inc. and Anchor Drilling Fluids USA, LLC. **The docket in Case No. 20-60030 should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 20-60030, however, separate claims dockets should be maintained for any "asset" case or any case noticed as an "asset" case.**

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of Texas ("**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trustee confirms his consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), to the entry of a final order by the Court.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 ("**Bankruptcy Code**"), Bankruptcy Rules 1015(b) and 6003, and rules 1075-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas ("**Local Rules**").

## BACKGROUND

8. Both of the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code on May 24, 2020 ("**Petition Date**").

9. Christopher R. Murray has been appointed as the chapter 7 Trustee of Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC.

10. The Debtors are affiliates of one another, have common operations and have common creditors and interested parties. Additionally, the principal place of business, in Houston, Texas, for each of the Debtors is identical. The Trustee has contacted counsel for the Debtors and was informed that the Debtors have no opposition to the relief requested or the proposed order.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced these chapter 7 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Local Rule 1015-1 further provides for the joint administration of related chapter 7 cases.

12. The entry of an order directing joint administration of these chapter 7 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Trustee to administer, and all parties in interest to monitor, these chapter 7 cases with greater ease and efficiency. Given the consolidated nature of pre-petition operations, including the cash management system, limited resources could be quickly depleted if attempted to be unwound from where these cases begin. The

Trustee can remit proceeds collected for individual Debtors' estate into separate bank accounts in the future. Joint administration of these chapter 7 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 7 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 7 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow all parties in interest to monitor these chapter 7 cases with greater ease and efficiency.

13.     Joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 7 cases. Accordingly, the Trustee submits that the joint administration of their chapter 7 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## EMERGENCY CONSIDERATION

14.     The Trustee requests emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 7 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Local Rule 9013-1(i). The motion requests relief from procedural rules and requirements that pertain to matters of immediate significance

or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Trustee has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, requests that the Court approve the relief requested in this motion on an emergency basis.

15. Emergency consideration of this Emergency Motion is requested pursuant to Bankruptcy Local Rule 9013-1(i). The Trustee believes that joint procedural administration of these chapter 7 cases is imperative to the orderly administration of the Debtors' estates, which share common creditors, equity holders, and interested parties, and to the preservation of judicial and governmental resources. Absent immediate joint procedural administration of the Debtors' estates, the Trustee and parties in interest would be unnecessarily and unduly burdened with tracking and maintaining both separate cases involving substantially interrelated companies. Accordingly, the Trustee respectfully requests that this Court approve the relief requested in this Emergency Motion on an emergency basis.

## NOTICE

16. The Trustee will provide notice of this Emergency Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for the Debtors; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the Office of the Attorney General of Texas; and (h) any

party that has requested notice pursuant to Bankruptcy Rule 2002.  The Trustee respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

### PRAYER

The Trustee respectfully requests that this Court: (i) grant the relief requested in this Emergency Motion; (ii) enter the Order submitted herewith; and, (iii) grant the Trustee such other and further relief to which he may be entitled, both at law and in equity.

Dated: May 26, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

*Proposed Counsel for Christopher R. Murray, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 26, 2020, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## BLR 9013-1(I) CERTIFICATE

Pursuant to BLR 9013-1(i), I hereby certify that the information contained in the foregoing document with respect to the need for emergency relief is true and correct to the best of my knowledge.

*/s/ Jarrod B. Martin*
Jarrod B. Martin
