IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'MAX AMERICA, INC.,[1] | § | Case No. 20-60030-CML |
| | § | |
| Debtor. | § | (Joint Administration Requested) |

**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION
TO: (1) CONTINUE OPERATION OF BUSINESS; (2) USE CASH COLLATERAL
WITH CONSENT ON AN INTERIM BASIS; AND (3) MAINTAIN CASH
MANAGEMENT SYSTEM**

(Related to Dkt. No. ___)

This matter comes before the Court on the *Trustee's Emergency Motion to: (1) Operate Business; (2) Continue Operation of Business; and (3) Maintain Cash Management System* ("**Motion**")[2] filed by Christopher R. Murray, chapter 7 trustee for the above referenced Debtors.

The Court, having reviewed the Motion and having considered the statements therein, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and, (c) notice of the Motion was sufficient or not required under the circumstances. Having considered the evidence, arguments of counsel, and responses, if any, the Court is of the opinion that the Motion is meritorious and establishes sufficient grounds for the relief requested therein. Accordingly, it is

**ORDERED** that the Trustee is authorized, but not required, to operate the Debtors' Regional Business in the ordinary course of business until June 10, 2020 ("**End Date**"), without

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Motion.

**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION TO CONTINUE OPERATION OF BUSINESS AND OTHER
RELATED RELIEF                                                                                                                    PAGE | 1**

prejudice to the Trustee's right to seek further authority to operate the Regional Business beyond the End Date; it is further

**ORDERED** that the Trustee shall file all necessary financial reporting under the Bankruptcy Code relating to the operation of the Debtors' Regional Business; it is further

**ORDERED** that the Trustee is authorized, but not required, to take any actions necessary to operate the Debtors' Regional Business in the ordinary course; it is further

**ORDERED** that if at any time before the End Date, the Trustee believes that it no longer serves the best interest of creditors to continue to operate the business, the Trustee is authorized to cease operations as deemed appropriate; and it is further

**ORDERED** that approval for the Trustee to operate the Debtor's Regional Business is effective as of the date of entry of this Order; and it is further

**ORDERED** that the Trustee is authorized to use cash collateral in the ordinary course of business on an interim basis with the consent of Encina Business Credit ~~Capital~~, LLC as provided for and on the terms and conditions set forth in that certain cash collateral consent letter dated May 28, 2020 attached hereto as Exhibit A which are hereby approved and the Trustee is authorized to sign, until the End Date pursuant to 11 U.S.C. 11 U.S.C. § 363(a), subject to further requests; and it is further

**ORDERED** that the Trustee is authorized to maintain the Debtors' accounts at Regions Bank and Wells Fargo Bank in the ordinary course of business, and those banks are authorized to process any transactions in the ordinary course of business; and it is further

**ORDERED** that Regions Bank and Wells Fargo Bank, which maintain and service checking and other accounts, are authorized to continue to maintain, service, and administer those accounts without interruption and in the usual and ordinary course and to receive, process, honor,

and pay any and all checks, drafts, electronic funds transfers, or automated clearing house transfers drawn on the checking account on or after May 24, 2020, by the holders or makers thereof, as the case may be, to the extent of funds available and as approved by this Court in orders authorizing the use of cash collateral; and it is further

**ORDERED** that except for those checks, drafts, electronic funds transfers, or automated clearing house transfers that must be honored and paid in order to comply with any interim or final order of this Court authorizing payment of certain prepetition claims, no checks, drafts, electronic funds transfers, or automated clearing house transfers issued on accounts prior to the petition date but presented for payment after the Petition Date shall be honored or paid unless otherwise directed by the Trustee and authorized by the Court. It shall be the Trustee's responsibility to stop payment on or otherwise dishonor all checks, drafts, electronic funds transfers. or automated clearing house transfers issued on the checking account prepetition but presented for payment after the Petition Date that are not authorized to be paid. Regions Bank and Wells Fargo Bank shall not incur, and are hereby released from, any liability for paying or otherwise honoring any such check, draft, electronic funds transfers, or automated clearing house transfer that the Debtor fails to stop payment on or otherwise dishonor; and it is further

**ORDERED** that Regions Bank and Wells Fargo Bank are authorized to accept and honor all representations from the Trustee as to which checks, drafts, electronic funds transfers, or automated clearing house transfers should be honored or dishonored consistent with any order of this Court, whether the checks, drafts, electronic funds transfers, or automated clearing house transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not Regions Bank and Wells Fargo Bank believes the payment is or is not authorized by any order of the Court. Regions Bank and Wells Fargo Bank shall not incur, and are hereby released from, any liability

for relying upon the Trustee's instructions as to which checks, drafts, electronic funds transfers, or automated clearing house transfers should be honored or dishonored. Regions Bank and Wells Fargo Bank are not required to honor or pay any check, draft, electronic funds transfer, or automated clearing house transfer for which there are not adequate and collected funds on deposit. Regions Bank and Wells Fargo Bank shall be entitled to charge back returned items against amounts from time to time on deposit in the checking account, regardless of whether such amounts were deposited prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items. Normal servicing charges may be assessed and deducted in the ordinary course of business; and it is further

**ORDERED** that the to the extent any of the Trustee's bank accounts are not in compliance with section 345 of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Trustee shall have 45 days, without prejudice to seek an additional extension, to come into compliance with section 345 of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other arrangements as agreed to by the U.S. Trustee; *provided*, that nothing herein shall prevent the Trustee or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Trustee may obtain a further extension of the 45-day time period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order; and it is further

**ORDERED** that the Trustee is authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION TO CONTINUE OPERATION OF BUSINESS AND OTHER RELATED RELIEF**
**PAGE | 4**

**Signed this \_\_\_\_\_ day of _____, 2020**

**Christopher M. Lopez,
United States Bankruptcy Judge**

# Exhibit A

May 28, 2020

Anchor Drilling Fluids USA, Inc.
11700 Katy Freeway, Suite 200
Houston, Texas 77079
Attention: Christopher Murray, Trustee of the Chapter 7
Bankruptcy Estate of Anchor Drilling Fluids USA, Inc.

Trustee Murray:

  Reference is made to that certain Credit Agreement dated as of September 6, 2019 (as amended and in effect, the "**Credit Agreement**"), by, among others, Anchor Drilling Fluids USA, Inc., as Borrower (the "**Borrower**"), the Lenders party thereto, and Encina Business Credit, LLC, as Administrative Agent and Collateral Agent (the "**Agent**"). Unless otherwise defined herein, all capitalized terms used herein shall have the meaning set forth in the Credit Agreement.

  On May 24, 2020 (the "**Petition Date**"), the Borrower (the "**Debtor**") filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Texas (Victoria Division) (such case, the "**Bankruptcy Case**"; and such court, the "**Bankruptcy Court**"). On the Petition Date, Christopher Murray was appointed as trustee (the "**Trustee**") of the Debtor's chapter 7 estate.

  In connection with the Bankruptcy Case, the Trustee anticipates operating the Debtor's business and filing a motion seeking Bankruptcy Court approval authorizing the Trustee to incur post-petition secured indebtedness and use of the Lenders' "cash collateral" (as such term is used under Section 363(c) of the Bankruptcy Code) ("**Cash Collateral**"), in accordance with the terms and provisions of that certain "Agreed Interim Order Granting Trustee's Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, and 364, And Federal Bankruptcy Rules 2002, 4001 and 9014 For An Order Authorizing The Trustee To Incur Post-Petition Secured Indebtedness" (the "**NM Order**").

  As of yet, no motion has been filed and hearing scheduled in respect of the NM Order, and the Agent and the Lenders have not yet provided any consent to the Trustee's use of Cash Collateral in the Debtor's Bankruptcy Case (which may be provided or withheld in the Agent's and the Lenders' sole discretion). However, the Trustee has advised the Agent that, in order to operate and preserve value, the Debtor's estate has an immediate need for Cash Collateral in an amount not to exceed $1,010,282 to fund certain administrative expenses arising in connection with the Bankruptcy Case, as further described on Exhibit A annexed hereto (the "**Permitted Uses**"). The Trustee has requested that the Agent consent to the Debtor's use of Cash Collateral solely for the Permitted Uses, in such amounts as are identified on Exhibit A.

  Accordingly, please be advised that the Agent hereby consents to the Trustee and the Debtor's use of Cash Collateral solely for the Permitted Uses, in such amounts as are identified on Exhibit A. Please be further advised that the Agent's aforementioned consent is based upon the Trustee's agreement that the Agent and Parent Facility Agent are entitled to, and that the

Anchor Drilling Fluids USA, Inc.
May 28, 2020
Page 2

Trustee will seek in favor of the Agent and the Parent Facility Agent, in accordance with and in the manner contemplated by Section 6.1 of the Intercreditor Agreement and in order to protect the Agent and the Parent Facility Agent from any diminution in the value of their respective collateral, (i) pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement liens upon and security interests in all of Debtor's presently owned or hereafter acquired property and assets, whether such property and assets were acquired by such Debtor before or after the Petition Date, of any kind or nature, whether real or personal, tangible or intangible, wherever located, and the proceeds and products thereof, including, without limitation, the proceeds from any sale, termination, or other disposition of any leasehold interests of the Debtor to the same extent and scope that the Agent and the Parent Facility Agent held prior to the Petition Date, _provided_, _however_, that any Inventory and proceeds thereof, solely to the extent that such Inventory was purchased with Cash Collateral in accordance with this letter, shall be deemed to be ABL Priority Collateral and afforded the same priority as such under the Intercreditor Agreement, and (ii) to the extent provided by sections 503 and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the Debtor's Bankruptcy Case. The Trustee further acknowledges and agrees that the NM Order, when entered by the Bankruptcy Court, shall retroactively cover the Permitted Uses and use of Cash Collateral contemplated hereunder.

Please be further advised that this is a one-time consent, relates solely to the Permitted Uses specific on _Exhibit A_, and (i) is not a blanket consent to the Trustee's or Debtor's use of Cash Collateral for anything other than the Permitted Uses in accordance with the terms hereof, (ii) a waiver or modification of any of the terms and conditions of the Loan Documents, all of which are hereby expressly reserved, and (iii) is without prejudice of the Agent's right to seek further protections for the use of its Cash Collateral.

[signature pages follow]

Very truly yours,

ENCINA BUSINESS CREDIT, LLC, as Agent

By: *Tracy Salyers*
Name: TRACY SALYERS
Title: AUTHORIZED SIGNATORY

ACKNOWLEDGED AND AGREED:

CHRISTOPHER MURRAY, as Trustee for
the Chapter 7 Bankruptcy Estate of
ANCHOR DRILLING FLUIDS USA, LLC

By: _____
Name: _____
Title: _____

## Exhibit A

Permitted Uses
(see attached)

2619225.4

| Region | Warehouse | Vendor | Comments | Dollar Amount |
|---|---|---|---|---|
| NE | Wellsville | Cimbar WV | we were building mud for EQT we used the $130K last week rather fast. 170 / ton *1,000 tons + 34,000 two rail cars | $ 204,000 |
| South Texas | Three Rivers Texas or Louisiana | Cimbar Performance Minerals | 100 tons a week | $ 17,000 |
| NE | Newcomerstown | Synthex Organics | Anco Floc. 107 / sack * 80 Sacks | 8,560 |
| NE | Leetsdale | Synthex Organics | Anco Airfoam SX. $11.26 / Gal * 5,500 Gallons (0.5x TruckLoad) | 30,965 |
| NE | Leetsdale | Synthex Organics | Anco DeFoam SX. $8.88 / Gal * 5,500 Gallons (0.5x TruckLoad) | 24,420 |
| NE | Leetsdale | ARG | Base oil (also for the mud) | 90,000 |
| NE | Wellsville | RJ Wright | Diesel for oil based mud (OBM) | 20,000 |
| NE | Wellsville, Horse Heads | Ingevity | (assuming 3 truckloads of emulsifiers to make mud and send to rig site). Assumes transfer from Permian to leverage. | 75,000 |
| NE | Horse Head NY | Norfolk Southern | Costs to transport Barite. Moved via rail. Cover two rail cars. May be higher if they increase rates. | 10,000 |
| NE | Wellsville, Horse Heads, Leetsdale | Calchlor | Calcium Chloride. Weekly basis 1 load to each warehouse. 8.75 per sack, 896 sacks per load, 3 truck loads to each warehouse | 23,520 |
| NE | Wellsville, Horse Heads | BYK / Elementis | 840 sacks / Truckload | 57,000 |
| NE | Wellsville, Horse Heads, Leetsdale | Greer | Lime. Truckload a week like Calchlor. 6.00 per sack. 900 sacks. 3 truck loads | 16,200 |
| NE | Leetsdale | Dasco | Super Sacks KCL. Truckload every other week. Running low right now. 16 bags per truckload. $567.35 per bag *2 loads | 18,155 |
| Permian | Permian Solids Control | Fluids systems | Screens for shakers. | 15,000 |
| NE | Newcomerstown Solids Control | Continental Wirecloth | Screens for shakers. | 15,000 |
| NE | Newcomerstown Solids Control, Leetsdale | Tetra Specialty | Providing Calcium Chloride Brine. 500 barrels at $26.32 / Barrel | 13,160 |
| NE | All - Logistics costs | Amino | Trucking Transport, Vendor --> Warehouse | 10,000 |
| NE | All - Logistics costs | Iron Mountain | Trucking Transport, Anchor --> Customer | 10,000 |
| NE | All - Logistics costs | Iron Eagle | Trucking Transport, Anchor --> Customer | 10,000 |
| NE | All - Logistics costs | Myers Well Service | Trucking Transport, Anchor --> Customer | 30,000 |
| NE | All - Logistics costs | Olympic | Trucking Transport, Anchor --> Customer | 5,000 |
| NE | All - Logistics costs | Petta Enterprises | Trucking Transport, Anchor --> Customer | 5,000 |
| NE, South Texas | All - Logistics costs | UV Logistics & Total Quality Logistics | Trucking Transport, Vendor --> Warehouse | 12,100 |
| NE | All - Logistics costs | Coyle | Trucking Transport, Anchor --> Customer | 15,000 |
| NE | All - Logistics costs | CS | Trucking Transport, Anchor --> Customer | 7,500 |
| NE | All - Logistics costs | MES | Trucking Transport, Anchor --> Customer | 10,000 |
| NE | All - Logistics costs | TBD | Repairs/Maintenance - Kubco RA that needs balance, machined, and bearings. | 15,000 |
| NE | All - Logistics costs | TBD | Repairs/Maintenance - Lynx 40 from STX has bad bearings and a cut scroll. | 35,000 |
| NE | All - Logistics costs | TBD | Repairs/Maintenance - Pillow block and main bearing from a G6 that needs recut. | 10,000 |
| NE | All - Logistics costs | ADP | Payroll | 47,702 |
| NE | All - Logistics costs | Lockton Insurance | Chubb property/liability polcy extension | 150,000 |
| | | | | $ 1,010,282 |