## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'MAX AMERICA, INC., *et al* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

## TRUSTEE'S SECOND EMERGENCY MOTION TO CONTINUE OPERATION OF BUSINESS

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

To the Honorable Christopher M. Lopez, United States Bankruptcy Judge:

The Chapter 7 Trustee ("**Trustee**") for the Debtors, Q'Max America Inc. ("**Q'Max**") and Anchor Drilling Fluids USA, LLC ("**Anchor**," and collectively with Q'Max, "**Debtors**") hereby files this *Trustee's Emergency Motion to Continue Operation of Business* ("**Motion**").  In support of the Motion, the Trustee respectfully states as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

<u>JURISDICTION AND VENUE</u>

1.      The United States Bankruptcy Court for the Southern District of Texas ("**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  This Court has constitutional authority to enter a final order regarding this matter because operation of a business in chapter 7 bankruptcy has no equivalent in state law, rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable to this matter.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein is section 105(A), 704 and 721 of title 11 of the United States Code ("**Bankruptcy Code**") and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas ("**Local Rules**").

<u>BACKGROUND</u>

**A.      The Chapter 7 Cases**

4.      On May 24, 2020, ("**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and commenced the above-captioned chapter 7 cases ("**Chapter 7 Cases**").  The two Chapter 7 Cases are not substantively consolidated, but joint administration has been requested.

5.      On May 24, 2020, the United States Trustee appointed Christopher R. Murray as the chapter 7 trustee ("**Trustee**").

6.      On May 28, 2020, the Court entered an order allowing the Trustee to continue certain business operations in pursuit of a sale. These operations were authorized through June 10, 2020.

**B.      The Debtors' Background and the Debtors' Operations**

7.      Headquartered in Houston, Texas, Q'Max Solutions Inc. ("**QSI**") was founded in 1993 in Calgary, Canada, as a supplier of drilling fluids.  QSI is the ultimate operational parent of each of the Debtors.  QSI is a leading multi-national oilfield services provider supplying onshore and offshore drilling fluids and offering solids control and waste management solutions to upstream oil and gas companies in North America, Latin America, the Middle East, and Africa.

8.      The Debtors are part of QSI's North American operations, responsible for overseeing operations in the United States.  The Debtors are currently operating a regional business that includes, among other things, providing drilling and completion fluids, chemical additives, solids control services and equipment, waste management services and equipment, fluid engineering services and other products and services in the northeastern United States (collectively, "**Regional Business**").

**C.      The Potential Sale**

9.      After being appointed, the Trustee learned that the Debtors had negotiated a sale of the Regional Business immediately prior to the Petition Date.  However, the sale was not certain, so the Trustee only agreed to operate the Debtors for a finite period of time while he investigated the feasibility of the sales process. Since then, the Trustee has been successful in negotiating both a post-petition loan and a sales process for a portion of the Debtors' business. The Debtor's first operations order expires on June 10, 2020. The Trustee seeks an extension through July 5, 2020, subject to additional extensions. The Trustees' sales process contemplates a sale of the Regional Business on July 3, 2020.

**D.      The Debtors' Ability to Pay for the Continued Operations of the Assets**

10.      The Debtors' management provided the Trustee with information concerning both (i) the profitability of the Assets if they are operational; and (ii) the costs associated with maintaining the Assets if they were not operational.  Based on the Debtors' projections, continuing operations of the Assets would likely lead to a positive income to the estate through this sales process.  Moreover, the Debtors' management believes that continued operation of the Assets would likely result in an increase in the net proceeds the Debtors would receive in a sale of the Assets and the continued employment of over 100 people.

<u>RELIEF REQUESTED</u>

11.      The Trustee reviewed the Debtors' Regional Business, which includes the Assets, and determined that continuing operations of the Regional Business would be beneficial while the Trustee pursues consummation of a sale.  The Trustee believes operating the Regional Business would preserve the value of the Assets during this period.  Accordingly, the Trustee requests authority to operate the Regional Business for a limited time to pursue this sales process. If additional time is needed, the Trustee will ask for it. If operations need to cease, the Trustee will advise the Court and seek authority to stop operations. Because the Assets are likely to sell at a higher price if the operations continue, the Trustee believes it is in the best interests of the creditors to continue to operate the Regional Business.

12.      Section 721 of the Bankruptcy Code authorizes a trustee "to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate."  11 U.S.C. § 721.  As such, although chapter 7 trustees do not usually operate a debtor's business, it may be appropriate when the continuation of the business will facilitate the possibility of a sale of the business as a going concern or where it is

plainly necessary to preserve the estate's value for creditors.  *See, e.g.*, 11 U.S.C. § 721; *In re Koontz-Wagner Custom Controls Holdings LLC*, Case No. 18-33815, Dkt. 39, 51 (Bankr. S.D. Texas, Marvin Isgur) (trustee finished jobs for metal fabrication company while in chapter 7 resulting in $5,000,000 of unencumbered funds to the chapter 7 estate); *In re Hydrocarb Energy Corporation*, Case No. 16-31922, Dkt. 89, 94 (Bankr. S.D. Texas, David Jones) (chapter 7 trustee operated wells in Galveston Bay pending auction, resulting in higher and better offer to the estate); *c.f. In re Advanced Power Modular Power Sys., Inc.*, 413 B.R. 643, 668 (Bankr. S.D. Tex. 2009) (recognizing that the court may authorize a trustee to continue operations); *In re Transcon Lines*, 178 B.R. 228, 234 (Bankr. C.D. Cal. 1995) (trustee may operate business of the debtor for a brief period of time in order to maximize the return on sale); *In re Brierwood Manor, Inc.*, 239 B.R. 709, 712 (Bankr. D. N.J. 1999) (discussing trustee's post-petition operation of the business so as to maximize the value of the estate in the context of a fee application).  Moreover, if the continued operation of the business does not result in an operating loss and is for a limited period of time, authority may be granted to the trustee to maintain operations.  *Compare In re A & T Trailer Park, Inc.*, 53 B.R. 144, 147–48 (Bankr. D. Wyo. 1985) ("The bankruptcy court will not generally grant authority to continue a business under § 721 if an operating loss will result or if it would need to be continued beyond a limited time.").

13.     The Trustee believes the continued operation of the Regional Business will likely preserve value.  Moreover, the Debtors will have sufficient liquidity to operate the Regional Business on a post-petition basis.  As a result, there will not be an operating loss, and the Trustee believes it is in the best interest of the Debtors' estates to expend the funds necessary to operate the Regional Business as it will result in a greater recovery for the Debtors' creditors.

14.     The Trustee believes the cash advanced to him under the post-petition financing facility will allow for operations through July 5, 2020 ("**End Date**").  Allowing the Trustee to maintain operations of the Regional Business through the End Date will permit the Trustee to pursuing the sales process, while having sufficient funds available to: (i) pay normal operating expenses; and (ii) allow for normal maintenance if the need arises

15.     The continued operation of the Debtors' Regional Business in these cases serves the best interests of the estate by preserving the value of the Debtors' Assets by increasing the value of the Assets and saving the jobs of over 100 employees.

## EMERGENCY CONSIDERATION

16.     The Trustee requests emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a bankruptcy case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Local Rule 9013-1(i).  The Trustee believes that immediate authorization is imperative to ensure that the value of the Debtors' Assets is preserved.

17.     Accordingly, the Trustee submits that he has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this motion on an emergency basis.

## NOTICE

18.     The Trustee will provide notice of this motion to (a) the Office of the United States Trustee for the Southern District of Texas, (b) creditors listed on the attached Master Service List (c) counsel to  Encina Business Credit, LLC, (d) counsel to HSBC Bank Canada; (e) the United States Attorney's Office for the Southern District of Texas, (f) the Internal Revenue Service, (g) all applicable state taxing authorities, (h) the office of the attorneys general for the states in which

the Debtors operate, and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Considering the nature of the relief requested, no other or further notice is required.

WHEREFORE, the Trustee requests that the Court enter the proposed order, granting the

relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated: June 3, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

**Proposed Counsel for Christopher R. Murray,
Chapter 7 Trustee**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 3, 2020, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first class mail via the attached service.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## BLR 9013-1(I) CERTIFICATE

Pursuant to BLR 9013-1(i), I hereby certify that the information contained in the foregoing document with respect to the need for emergency relief is true and correct to the best of my knowledge.

*/s/ Jarrod B. Martin*
Jarrod B. Martin