IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 7 |
| § | | |
| Q'MAX AMERICA, INC., *et al* [1] § | | Case No. 20-60030-CML |
| § | | |
| Debtors. § | | Jointly Administered |

**ORDER (I) AUTHORIZING THE PAYMENT OF CLAIMS OF CRITICAL VENDORS, SHIPPERS, WAREHOUSEMEN, AND CERTAIN OTHER SPECIFIED TRADE CLAIMANTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion ("**Motion**")[2] of Christopher R. Murray, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC ("**Debtors**") seeking entry of an order (this "**Order**") pursuant to sections 105(a), 363, 503(b), and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 et seq. ("**Bankruptcy Code**") rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the Local Rules") (I) authorizing, but not directing, the payment of claims of critical vendors that provide logistics, freight forwarding, shipping, storage, logistics and maintenance of onshore rig, and certain other specified trade claimants; and (II) granting related relief as the Court deems just and proper; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

[2]  Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before this Court ("**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Trustee is authorized, but not directed, to pay prepetition Specified Trade Claims. In the event the Debtors will exceed the aggregate amounts in any category as set forth in the Motion, Debtors shall file a notice with the Court describing the category and overage amount.

2. The Trustee is authorized but not directed to pay the statutory lien vendors and the contract labor vendors in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date in the amounts prescribed in the Motion.

3. As a condition to receiving payment on account of Specified Trade Claims, the Trustee, at his discretion may require, by written agreement, such parties to (a) continue supplying goods and services to the Debtors on trade terms that are at least as favorable to the Debtors as those in effect prior to the Petition Date and (b) agree that they shall not be permitted to cancel on less than 90 days' notice or any more favorable terms that their agreements (if any) may provide, pursuant to which they provide services to the Debtors ("**Agreed Terms**"). The Trustee reserves the right to require more favorable trade terms with any Specified Trade Claimant as a condition

to payment of any prepetition claim. A copy of the proposed letter agreement for payment is attached as **Exhibit 1**.

4. If any Specified Trade Claimant accepts payment pursuant to this Order for a prepetition obligation of the Debtors premised on compliance with paragraph 3 above, and thereafter fails to comply with the Agreed Terms, or such other terms agreed to by the Trustee (including, for the avoidance of doubt, any prepetition arrangement), any payments made pursuant to this Order shall be deemed an avoidable post-petition transfer under section 549 of the Bankruptcy Code, and the Specified Trade Claimant shall be required to immediately repay to the Trustee any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceeds the post-petition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise. Upon recovery by the Trustee, the Specified Trade Claims shall be reinstated as a prepetition claim in the amount so recovered. The Trustee shall provide a copy of this Order to the applicable party prior to such party's acceptance of any payment hereunder.

5. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Order, the Trustee shall provide such creditor a copy of this Order (unless previously provided) or include with the payment the following communication: By accepting this payment, the payee agrees to the terms of the Order of the United States Bankruptcy Court for the Southern District of Texas, dated June __, 2020 in the chapter 7 cases of Q'Max America, Inc., *et al.* (jointly administered under Case No. 20-60030), entitled "*Order (I) Authorizing the Payment of Claims of Critical Vendors, Shippers, Warehouseman, and Certain Other Specified Trade Claimants, and (III) Granting Related Relief*" and submits to the jurisdiction of that Court for

enforcement thereof. Thereafter, any party that accepts payment from the Trustee on account of a Specified Trade Claim shall be deemed to have agreed to the terms and provisions of this Order.

6.  Nothing herein shall impair or prejudice the rights of the U.S. Trustee, which are expressly reserved, to object to any payment made pursuant to this order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtors. To the extent the Trustee intends to make a payment to an insider or an affiliate of an insider of the Debtors, the Trustee shall, to the extent reasonably practicable, provide three business days' advance notice to, and opportunity to object by the U.S. Trustee; provided, that if any party objects to the payment, the Trustee shall not make such payment without further order of the Court.

7.  All undisputed obligations related to the Outstanding Purchase Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

8.  The Trustee shall maintain a schedule of payments made pursuant to this Order, including the following information: (a) the names of the payees; (b) the nature of the payment; (c) the amount of the payment; (d) the Debtor or Debtors that made the payment; (e) the payment date; and (f) the purpose of such payment.

9.  The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer request as approved by this Order.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

11. The Trustee is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these proceedings with respect to prepetition amounts owed in connection with any Specified Trade Claim.

12. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. Notice of the Motion satisfies the Local Rules and the Complex Procedures.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed this _____ day of _____, 2020

_____
**CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1 to Order**

EXHIBIT 1 | ORDER GRANTING CRITICAL VENDORS MOTION                                PAGE | 1

[Q'Max America, Inc. Letterhead]

[], 2020

TO: [Vendor Name]
[Vendor Address]

Dear Valued Vendor:

As you are aware, on May 24, 2020 ("**Petition Date**"), Q'Max America, Inc. and certain of its affiliates ("**Debtors**") filed voluntary petitions under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas ("**Bankruptcy Cases**" and the "**Bankruptcy Court**", respectively). We requested the Bankruptcy Court's authority to pay certain suppliers or service providers in recognition of the importance of our relationship with such suppliers and service providers and our desire that the Bankruptcy Cases have as little effect on them as possible. On [DATE], the Bankruptcy Court entered an order ("**Order**") authorizing us, under certain conditions, to pay pre-bankruptcy claims of certain creditors that agree to the terms set forth below and agree to be bound by the terms of the Order. A copy of the Order is enclosed.

In order to receive payment on pre-bankruptcy claims, each a selected supplier and service provider must agree to continue supplying goods or services to the Debtors based on acceptable and "**Customary Terms**." Customary Terms are defined as the normal and customary trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowance, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs) in effect between such creditor and the Debtors on a historical basis in the one year prior to the Petition Date or such other trade terms, practices and programs that are at least as favorable to the Debtors as those in effect at such time.

For purposes of administration of this trade program as authorized by the Bankruptcy Court, the Debtors and you agree as follows:

1. The estimated balance of the prepetition claim (net of any setoffs, credits or discounts ("**Trade Claim**") that the Debtors will pay you is $[    ] ("**Prepetition Claim Payment**")

2. You will hereafter extend to the Debtors all Customary Terms (as defined in the Order).

3. In consideration for the payment described herein, you agree that, if you have taken steps to file or assert a lien on the Debtors' assets prior to entering to this letter agreement, you agree to take all necessary steps to remove such lien as soon as possible.

4. Payment of your Claim in the manner set forth in the Order may occur only upon execution of this letter by a duly authorized representative of your company and the return of this letter to the Debtors. Your execution of this letter agreement and return of the same to the Debtors constitutes an agreement by you and the Debtors. You agree

**EXHIBIT 1 | ORDER GRANTING CRITICAL VENDORS MOTION**                                    **PAGE | 2**

      to be bound by the Order and you submit to the jurisdiction of the Bankruptcy Court for enforcement thereof, and you further agree and/or represent:

    a.    to the Customary Terms and, subject to the reservations contained in the Order, to the amount of the Trade Claim set forth above;

    b.    that, for a period of no less than one year form the Petition Date, you will continue to supply the Debtors with goods or services, as applicable, pursuant to the Customary Terms and that the Debtors will pay for such goods in accordance with Customary Terms.

    c.    that you have reviewed the terms and provisions of the Order and that you consent to be bound by such terms; and

    d.    that you will not separately seek payment for reclamation and similar claims outside the terms of the Order unless your participation in the trade program is authorized by the Order ("**Trade Payment Program**") is terminated.

5.    Notwithstanding the foregoing, if you receive the Prepetition Claim Payment from the Debtors based on any pre-bankruptcy amount owing to you and you do not extend to the Debtors all Customary Terms (as defined in the Order), you are required to return the Prepetition Claim Payment to the Debtors. The Debtors and you also hereby agree that any dispute with respect to this agreement, the Order and/or your participation in the Trade Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call [(xxx)xxx-xxxx] or [(xxx)xxx-xxxx].

                Sincerely,

                Q'Max America, Inc. and its Debtor affiliates

                By: _____
                     Christopher R. Murray, Chapter 7 Trustee

Agree and Accepted
By: [Name of Vendor]

By:_____

Its:_____

Dated:_____