IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'MAX AMERICA, INC., *et al*[1] | § | Case No. 20–60030-CML |
| | § | |
| Debtors. | § | (Jointly Administered) |

**OBJECTION TO TRUSTEE'S TRUSTEE'S EMERGENCY MOTION FOR ORDER ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES**
**(DKT. NO. 207)**

Komatsu Financial Limited Partnership ("Komatsu") hereby files this objection (the "Objection") to the *Trustee's Emergency Motion for Order Establishing Procedures for De Minimis Asset Sales* (Dkt. No. 207) ("Motion") of Christopher R. Murray, Chapter 7 Trustee ("Trustee") for the debtors, Q'Max America Inc. ("QMax") and Anchor Drilling Fluids USA, LLC ("Anchor", together with QMax, "Debtors"). In support of its Objection, Komatsu states as follows:

**BACKGROUND**

1.  For good and valuable consideration, on or about June 22, 2018, Terra Oilfield Solutions, LLC ("Terra Oilfield") made, executed and delivered to Kirby-Smith Machinery, Inc. ("Kirby-Smith"), a Security Agreement – Conditional Sales Contract (as any time amended, "Contract No. 000") under which it agreed to pay to Kirby-Smith certain amounts set forth therein. Pursuant to Contract No. 000, as security for the repayment of the indebtedness and all other obligations of every type of Terra Oilfield to Kirby-Smith, Terra Oilfield granted to Kirby-Smith

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

a purchase money, first priority lien on and security interest in One (1) Komatsu PC138USLC-11 Hydraulic Excavator (S/N 52252) ("Contract No. 000 Equipment").  A copy of Contract No. 000 is attached as **Exhibit A** and is incorporated by reference.[2]

2. On or about June 22, 2018, for good and valuable consideration, Kirby-Smith sold, assigned and transferred to Komatsu (the "Contract No. 000 Assignment") all of its right, title and interest in and to, among other things, Contract No. 000.  A copy of the Contract No. 000 Assignment is attached as **Exhibit B** and is incorporated by reference.

3. Due to the Contract No. 000 Assignment, Komatsu is the proper party-in-interest.

4. For good and valuable consideration, on or about June 22, 2018, Terra Oilfield made, executed and delivered to Kirby-Smith, a Security Agreement – Conditional Sales Contract (as any time amended, "Contract No. 001") under which it agreed to pay to Kirby-Smith certain amounts set forth therein.  Pursuant to Contract No. 001, as security for the repayment of the indebtedness and all other obligations of every type of Terra Oilfield to Kirby-Smith, Terra Oilfield granted to Kirby-Smith a purchase money, first priority lien on and security interest in One (1) Komatsu PC138USLC-11 Hydraulic Excavator (S/N 52254) ("Contract No. 001 Equipment").  A copy of Contract No. 001 is attached as **Exhibit C** and is incorporated by reference.

5. On or about June 22, 2018, for good and valuable consideration, Kirby-Smith sold, assigned and transferred to Komatsu (the "Contract No. 001 Assignment") all of its right, title and interest in and to, among other things, Contract No. 001.  A copy of the Contract No. 001 Assignment is attached as **Exhibit D** and is incorporated by reference.

6. Due to the Contract No. 001 Assignment, Komatsu is the proper party-in-interest.

---

[2] Some of the exhibits attached hereto have been redacted to remove certain confidential information of Debtors.

7. For good and valuable consideration, on or about May 8, 2018, Terra Oilfield made, executed and delivered to Kirby-Smith, a Security Agreement – Conditional Sales Contract (as any time amended, "Contract No. 002", together with Contract No. 000 and Contract No. 001, the "Contracts") under which it agreed to pay to Kirby-Smith certain amounts set forth therein. Pursuant to Contract No. 002, as security for the repayment of the indebtedness and all other obligations of every type of Terra Oilfield to Kirby-Smith, Terra Oilfield granted to Kirby-Smith a purchase money, first priority lien on and security interest in One (1) Komatsu PC138USLC-11 Hydraulic Excavator w/ Bucket (S/N 51852) ("Contract No. 002 Equipment", together with the Contract No. 000 Equipment and Contract No. 001 Equipment, the "Equipment"). A copy of Contract No. 002 is attached as **Exhibit E** and is incorporated by reference.

8. On or about May 8, 2018, for good and valuable consideration, Kirby-Smith sold, assigned and transferred to Komatsu (the "Contract No. 002 Assignment", together with the Contract No. 000 Assignment and Contract No. 001 Assignment, the "Assignments") all of its right, title and interest in and to, among other things, Contract No. 002. A copy of the Contract No. 002 Assignment is attached as **Exhibit F** and is incorporated by reference.

9. Due to the Contract No. 002 Assignment, Komatsu is the proper party-in-interest.

10. Upon information and belief, in or around July 2018, QMax acquired Terra Oilfield.

11. Prior to the petition date, May 24, 2020 (the "Petition Date"), Terra Oilfield defaulted under Contracts by, among other things, failing to pay an installment when due and failing to pay ensuing installments as they came due.

12. Komatsu duly perfected its security interest in the Equipment by filing Uniform Commercial Code ("UCC") Financing Statements, copies of which are attached as **Exhibit G** and are incorporated by reference.

13. On the Petition Date, Debtors filed voluntary petitions under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), thereby commencing the Chapter 7 cases. On May 27, 2020, the Bankruptcy Court entered an order directing the joint administration of Debtors' bankruptcy cases.

14. As of May 29, 2020, the following amounts are due and owing under the Contracts, plus accruing interests, costs and attorneys' fees:

Contract No. 000 – $ 80,843.18

Contract No. 001 – $ 80,843.18

Contract No. 002 – $ 77,965.86

**TOTAL** - $239,652.22

15. On or about July 8, 2020, the Trustee filed the Motion, seeking, *inter alia*, to establish a procedure for Non-Noticed Transactions and Noticed Transactions, as defined therein. Based on information and belief, all of Komatsu's collateral would be subject to a Non-Noticed Transaction—*i.e.*, sales of less than $100,000 fair market value—by virtue of having individual fair market values of $42,712.00, respectively.

16. Because the Non-Noticed Transaction procedures are vague and provide no further opportunity for objection prior to sale, Komatsu submits this Objection.

**OBJECTION**

15. Komatsu hereby submits this Objection to the Motion.

16. As a preface, the proposed procedures for Non-Noticed Transactions provide no opportunity for objection of Komatsu or any other secured creditor prior to sale. The proposed procedures for Noticed Transactions have an established objection procedure.

17. First, the Non-Noticed Transactions procedure is impermissibly vague as to how the $100,000 threshold is met. Specifically, is that threshold measured by the collective value of

Case 20-60030   Document 218   Filed in TXSB on 07/10/20   Page 5 of 8

the property subject to sale, *e.g.*, sale of four units individual valued at $40,000 exceeds the $100,000 threshold? Or, is the threshold measured by the individual value of units, *e.g.*, sale of ten units individually valued at $99,999 does *not* meet the $100,000 threshold and is, therefore, subject to a Non-Noticed Sale.

18. Second, the proposed Non-Noticed Transaction procedure provides no opportunity for Komatsu or any other secured creditor to object to such sales.

19. Additionally, pursuant to section 363(f) of the Bankruptcy Code, Komatsu's consent is required if it is to be paid less than the amount due under the Contracts. Komatsu does not consent to a Non-Noticed or Noticed Transaction of the Equipment at this time.

20. Section 363(f) of the Bankruptcy Code provides that a debtor may sell or otherwise transfer property outside the ordinary course of business free and clear of any interest in such property only if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in *bona fide* dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See* 11 U.S.C. § 363(f).

21. Debtors cannot sell the Equipment free and clear of Komatsu's interests and liens for an amount less than the full face value of its liens without Komatsu's consent. Additionally, the remaining elements cannot be satisfied:

- Subsection (f)(1) cannot be satisfied because applicable nonbankruptcy law does not permit the sale of the Equipment free and clear of Komatsu's liens and security interests.

- Subsection (f)(3) can be satisfied only if the price at which the Equipment is sold exceeds the face value of Komatsu's liens. For subsection (f)(3) to be satisfied, the total face value of the Debtors' secured liabilities to Komatsu would have to be satisfied before it could be forced to relinquish its liens and security interests. *See, e.g.*, *Criimi Mae Services Ltd. P'ship v. WDH Howell, LLC (In re WDH Howell, LLC)*, 298 B.R. 527, 533-34 (D. N.J. 2001).

- Subsection (f)(4) cannot be satisfied because Komatsu's liens and security interests with respect to the Equipment are not in *bona fide* dispute.

- With respect to Subsection (f)(5), Komatsu cannot be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its liens and security interests in an amount less than the full amount of the secured liabilities to Komatsu. *See, e.g.*, *In re Ferris Properties, Inc.*, No. 14-10491, 2015 WL 4600248 (Bankr. D. Del. Jul. 30, 2015); *In re PW, LLC*, 391 B.R. 25 (B.A.P. 9th Cir. 2008).

22. Accordingly, without Komatsu's consent, Debtors may not sell the Equipment free and clear of Komatsu's interests and liens in the Equipment for anything less than the full amount due to Komatsu.

23. Komatsu will agree to withdraw this Objection to the Motion if the paragraph set forth in bold below is included in the order approving the Motion:

> **The Equipment (the "Equipment" is defined as One (1) Komatsu PC138USLC-11 Hydraulic Excavator (S/N 52252), One (1) Komatsu PC138USLC-11 Hydraulic Excavator (S/N 52254) and One (1) Komatsu PC138USLC-11 Hydraulic Excavator w/ Bucket (S/N 51852)) shall not be sold without the consent of Komatsu Financial Limited Partnership ("Komatsu"). Komatsu shall not be deemed to consent to any sale of the Equipment unless and until the total amount due to Komatsu regarding the Equipment (*i.e.*, $239,652.22 through May 29, 2020, plus interest and attorneys' fees and other costs that accrue from May 29, 2020, until the date Komatsu is fully repaid) is paid in full to Komatsu prior to or at the closing of any sale concerning the Equipment. In addition, all of Komatsu's liens in the Equipment shall attach to the proceeds of any sale of the Equipment. Komatsu shall have the right to credit bid for the Equipment up to the full amount due and owing to Komatsu.**

24. Accordingly, Komatsu reserves all of its rights under the Contracts and applicable law and equity, including without limitation, its right (a) to seek adequate protection of its interests

in the Equipment, (b) to request that this Court enter an order lifting the automatic stay so that Komatsu may retrieve and dispose of the Equipment; and (c) to object to any purported sale of the Equipment on any grounds.

**WHEREFORE,** for all the reasons set forth herein, Komatsu respectfully requests that any order approving the Motion include the language set forth in paragraph 23 above. Komatsu further requests such other and further relief as this Court deems just and equitable, and reserves all of its rights.

Dated: July 10, 2020

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

*/s/ Demetri J. Economou*
Demetri J. Economou
Texas Bar. No. 24078461
S.D. Tex. No. 1852182
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: (713) 425-7400
Facsimile: (713) 425-7700
E-mail: deconomou@krcl.com

**ATTORNEYS FOR CREDITOR**
**KOMATSU FINANCIAL**
**LIMITED PARTNERSHIP**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this, the 10th of July, 2020, I served a true and correct copy of the foregoing instrument by e-service on all parties receiving CM/ECF notifications in this case, and to the following recipients in the methods described:

*Via E-mail and First Class Mail*
John F. Higgins, IV
Porter Hedges LLP
1000 Main St, Ste. 3600
Houston, TX 77002
*jhiggins@porterhedges.com*
**Attorney for Debtors**

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002
*jarrod.martin@chamberlainlaw.com*
**Attorney for Trustee**

Hector Duran, Jr.
515 Rusk, Ste. 3516
Houston, TX 77002
*Hector.Duran.Jr@usdoj.gov*
**United States Trustee**

*Via First Class Mail*
Q'MAX America, Inc.
Anchor Drilling Fluids USA, LLC
11700 Katy Fwy., Suite 200
Houston, TX 77079

              /s/ *Demetri J. Economou*
              Demetri J. Economou