IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'MAX AMERICA, INC., *et al* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR: (1) INTERIM USE OF CASH COLLATERAL; (2) CONTINUED OPERATIONS; AND (3) APPROVAL OF CARVEOUT**

(Relates to Doc. No. \_\_\_\_)

Christopher R. Murray, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates of Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC (collectively, "**Debtors**") filed an *Emergency Motion for: (1) Interim and Final Use of Cash Collateral; (2) Continued Operations; and (3) Approval of Carveout* ("**Motion**"). HSBC Bank Canada ("**HSBC**") asserts: (i) a prepetition senior secured claim in the principal amount of approximately $144,467,797.00 ("**Indebtedness**") against the Debtors and (ii) first priority liens and security interests on substantially all of the Debtor's assets including, without limitation, equipment, inventory, chattel paper, instruments, deposit accounts, documents, fixtures, general intangibles, intellectual property, and all proceeds and products flowing from those items, including, without limitation any cash held by the Debtors that constitutes Cash Collateral, as defined in the Motion. The Trustee has analyzed HSBC's liens and has determined that they are valid and enforceable. The Court finds that the relief requested herein is in the best interest of the Debtors, their creditors, and their respective bankruptcy estates.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

Accordingly, it is hereby **ORDERED THAT:**

1. The Trustee is authorized to use cash on hand in accordance with the terms and conditions of this Order, and in accordance with the budget attached to the Motion as **Exhibit A** ("**Budget**").

2. Pursuant to 11 U.S.C. §§ 361 and 363, HSBC shall have valid, binding and enforceable and perfected replacement liens upon and security interests in all of the Debtors' presently owned or hereafter acquired property that includes equipment, inventory, chattel paper, instruments, deposit accounts, documents, fixtures, general intangibles, intellectual property. It specifically excludes: (1) titled vehicles; (2) existing cash on hand that is not encumbered by HSBC's pre-petition liens; (3) causes of action; or (4) any other assets that HSBC did not have a properly perfected lien on.

3. The Trustee is authorized to operate the Debtors through the period set forth in the Budget.

4. A final hearing on the use of Cash Collateral is set for the ___ day of July, 2020 at ___:___ ___.m. and will be held telephonically. Dial-in Telephone No: 832-917-1510. Conference Code: 590153.

5. The following carveout between the Trustee and HSBC is approved: The Trustee and HSBC have agreed to a carveout to allow the Trustee to liquidate HSBC's collateral. HSBC will carve out the following from its liens: (1) administrative expenses set forth in the budget and any future approved budgets, including professional fees; (2) other allowed administrative expenses allowed by this Court; (3) the Trustee's statutory commission for all sales going forward; (3) any federal, state and local taxes relating to HSBC's collateral; and (4) a 5% carveout paid to the estate from gross sales proceeds relating to any future sale consummated by the Trustee. This

5% carveout is for the benefit of general unsecured creditors, subject to the waterfall distribution set forth in the bankruptcy code.

6.   The Trustee is authorized to retain employees, both hourly, salaried, and contractors, as set forth in the Budget.

7.   Nothing in this Order shall prejudice HSBC or limit its right to file, pursue, or oppose any motion or other relief in this bankruptcy case.

8.   The provisions of this Order and any actions taken pursuant hereto shall remain effective and binding notwithstanding entry of any order which may be entered: (a) converting these chapter 7 Cases to a case under chapter 11 of the Bankruptcy Code; (b) dismissing these chapter 7 Cases; or (c) pursuant to which this Court abstains from hearing any of these chapter 7 Cases.

9.   This Order is without prejudice to HSBC's right to seek adequate protection or relief from the automatic stay.

10.   Notwithstanding anything to the contrary contained herein, Merchants Automotive Group, Inc. has objected to the (A) Trustee's Emergency Motion for: (1) Interim and Final Use of Cash Collateral; (2) Continued Operations; and (3) Approval of Carveout, as amended [Docket Nos. 208 and 211] ("**Objection**"), which has not been withdrawn, waived, denied, or overruled. Rather, the parties have consensually resolved the Objection by postponement rather than substantive resolution and the merits of the Objection, if not resolved by consent and stipulation, shall be addressed on further notice and hearing in connection with any proposed distribution by the Trustee of the proceeds of the sale of any of the Debtors' assets. Therefore, nothing in this Order shall impair or moot the Objection.

11.   The Equipment (the "**Equipment**" is defined as One (1) Komatsu PC138USLC-11 Hydraulic Excavator (S/N 52252), One (1) Komatsu PC138USLC-11 Hydraulic Excavator (S/N

52254) and One (1) Komatsu PC138USLC-11 Hydraulic Excavator w/ Bucket (S/N 51852)) shall not be sold without the consent of Komatsu Financial Limited Partnership ("**Komatsu**"). Komatsu shall not be deemed to consent to any sale of the Equipment unless and until the total amount due to Komatsu regarding the Equipment ($239,652.22 through May 29, 2020, plus interest and attorneys' fees and other costs that accrue from May 29, 2020, until the date Komatsu is fully repaid) is paid in full to Komatsu prior to or at the closing of any sale concerning the Equipment. In addition, all of Komatsu's liens in the Equipment shall attach to the proceeds of any sale of the Equipment.

12. This Order is without prejudice to the Trustee's seeking additional relief regarding use of Cash Collateral or the use of cash outside the ordinary course of business.

SIGNED THIS \_\_\_\_ DAY OF _____, 2020

**CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**