IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'MAX AMERICA, INC., *et al* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

## ORDER ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES

Upon the motion ("**Motion**")[2] of Christopher R. Murray, Chapter 7 Trustee ("**Trustee**") for the above-captioned debtors and debtors in possession (collectively, "**Debtors**") for entry of an order (this "**Order**"): authorizing and approving procedures for de minimis asset sales; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; having found that the relief requested in the Motion is in the best interests of the estates, their creditors, and other parties in interest; having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; having reviewed the Motion; having heard the statements in support of the relief requested within the Motion at a hearing before this Court ("**Hearing**");[3] and having

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

[2]  Capitalized terms used by not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] At the hearing, the Court announced that it would delay signing this order until July 15, 2020. Until that time, any party in interest may object to the relief requested and the Court will set a hearing on that objection for July 15, 2020 at 1:00 p.m.

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; it is HEREBY ORDERED THAT:

1. The Trustee is authorized pursuant to sections 363 and 105(a) of the Bankruptcy Code to sell the De Minimis Assets in accordance with the following procedures (collectively, the "**De Minimis Transaction Procedures**"):

    a. Non-Noticed Sales: For property that, in the Trustee's good faith determination, has a fair market value of less than $100,000 and is proposed to be sold in a transaction, or in a series of related transactions (a "**Non-Noticed Transaction**"):

        i. Business Judgment Standard: The Trustee is authorized to consummate the sale of such property without further order of the Bankruptcy Court or notice to any party if the Trustee determines in a reasonable exercise of his business judgment that such a sale is in the best interest of the Debtors' estates; provided, that to the extent reasonably practicable, the Trustee will provide e-mail notification to counsel to HSBC Bank Canada and KPMG three (3) business days prior to the consummation of such sale.

        ii. Sale Free and Clear: Any such sale of property shall be free and clear of all liens, claims, and encumbrances ("**Liens**"), with any valid and properly perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the Non-Noticed Transaction.

        iii. Good Faith Purchaser: Each purchaser of property pursuant to such a sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

        iv. Non-Noticed Transaction Reports: Within 30 days of each quarterly period, commencing with the period ending July 31, 2020, the Trustee will file with the Bankruptcy Court a report summarizing any Non-Noticed Transactions that were completed pursuant to the De Minimis Transaction Procedures during the immediately preceding quarter, and serve it on (i) the U.S. Trustee, (ii) counsel to HSBC Bank Canada, (iii) counsel to KPMG; (iv) the United States Attorney's Office for the Southern District of Texas, and (v) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold and their respective counsel, if known (collectively, "**Notice Parties**"). With respect to each applicable Non-Noticed Transaction, each quarterly report shall identify: (a) the De Minimis Assets sold; (b)

        a summary of the reasons for selling or purchasing such De Minimis Assets; (c) the entity who sold the De Minimis Assets; (d) the sale price for such De Minimis Assets; and (e) any broker or auctioneer that advised or assisted the Debtors with such transactions and any fees paid to such party in connection with such transactions.

b.     Noticed Asset Transactions: For property that, in the Debtors' good faith determination, has a fair market value equal to or greater than $100,000 and less than or equal to $1,000,000, and is proposed to be sold in a transaction, or in a series of related transactions (each, a "**Noticed Transaction**"):

    i.     Business Judgment Standard: The Trustee is authorized to consummate such a sale without further order of the Bankruptcy Court, subject to the procedures set forth herein, if the Trustee determines in a reasonable exercise of his business judgment that such a sale is in the best interest of the Debtors' estates.

    ii.     Sale Free and Clear: Any such sale shall be free and clear of all Liens, with any valid and perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the Noticed Transaction.

    iii.     Good Faith Purchaser: Each purchaser of property to such a sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

    iv.     Transaction Notice: The Trustee shall, at least seven (7) days prior to closing such sale, serve a written notice of such sale by e-mail, facsimile, or overnight delivery service (each notice, a "**Transaction Notice**") to the Notice Parties, which Transaction Notice shall consist of:

        1. identification of the De Minimis Asset being sold;

        2. identification of the purchaser of the De Minimis Asset and any relationship such party has with the Debtors;

        3. identification of any parties known to the Trustee as holding Liens on the property being sold and a statement indicating whether (i) all such Liens are capable of monetary satisfaction, or (ii) the holders of such Liens have consented to the sale;

        4. the sale price;

        5. any other significant terms of the sale;

      6. the date and time within which objections must be filed with the Bankruptcy Court and served on the Trustee; and

      7. any broker or auctioneer that advised or assisted the Trustee with such transaction and any fees paid or to be paid to such party in connection with such transaction.

   v. <u>Objection Procedures:</u> Parties objecting to a Noticed Transaction must file and serve a written objection so that such objection is filed with the Bankruptcy Court no later than ten business days after the date the Trustee serve the relevant Transaction Notice.

   vi. <u>No Objection:</u> If no objection to a Noticed Transaction is timely filed by any of the Notice Parties within ten business days after service of such Transaction Notice, the Trustee is authorized to immediately consummate such Noticed Transaction.

   vii. <u>Unresolved Objections:</u> If a timely objection is filed and not withdrawn or resolved, the Trustee shall file a notice of hearing to consider the unresolved objection, and such hearing shall be held on an expedited basis. If such objection is overruled or withdrawn, or if the sale of De Minimis Assets is specifically approved by further order of the Bankruptcy Court.

   viii. <u>Sale Pursuant to Motion.</u> For property that, in the Trustee's good faith determination, has a fair market value greater than $1,000,000, and is proposed to be sold in a transaction, or in a series of related transactions, the Trustee shall seek authority to sell such property pursuant to a motion and in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

2. The Trustee is authorized to take any actions that are reasonable and necessary to effectuate the sale of De Minimis Assets and obtain the proceeds thereof, including, without limitation, paying commission fees to agents, brokers, auctioneers, and liquidators in connection with such transaction.

3. Notice of any sale of the De Minimis Assets in accordance with the De Minimis Transaction Procedures shall be sufficient notice of the sale of such assets

4. Transactions in the ordinary course of business permitted pursuant to 11 U.S.C. § 363(c)(1) shall not be subject to this Order or the De Minimis Transaction Procedures, and the

Debtors are authorized to conduct such transactions without further Court approval.

5.   De Minimis Transactions shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the fourteen-day stay of Bankruptcy Rule 6004(h) shall be required for the Trustee to consummate any De Minimis Asset Transaction, subject to compliance with the De Minimis Transaction Procedures.

6.   Nothing contained in this Order shall prejudice the Trustee right to seek Court authorization to sell any asset under section 363 of Bankruptcy Code by separate motion.

7.   The rights and defenses of the Trustee and any other party in interest with respect to whether any assertion that any liens, claims, interests, or encumbrance, if any, will attach to the proceeds of a sale of De Minimis Assets are hereby preserved

8.   The notice procedures in the Motion satisfy Bankruptcy Rules 2002(a), 6004, 6007, and 9014.

9.   The transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order; and each and every federal, state, and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the sales contemplated hereby.

10. The Trustee is authorized to take all steps necessary or appropriate to carry out the relief granted in this Order, including paying those necessary fees and expenses incurred in the sale of De Minimis Assets.

11. The Trustee is authorized to take all actions and execute all documents necessary to implement the relief granted in this Order.

12. Notice of the Motion as provided therein is deemed to be good and sufficient notice of such Motion.

13. Notwithstanding anything to the contrary contained herein, Merchants Automotive Group, Inc. has objected to the (Trustee's Emergency Motion for Order Establishing Procedures for De Minimis Asset Sales [Docket No. 207] ("**Objection**"), which has not been withdrawn, waived, denied, or overruled. Rather, the parties have consensually resolved the Objection by postponement rather than substantive resolution and the merits of the Objection, if not resolved by consent and stipulation, shall be addressed on further notice and hearing in connection with any proposed distribution by the Trustee of the proceeds of the sale of any of the Debtors' assets. Therefore, nothing in this Order shall impair or moot the Objection.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED THIS \_\_\_\_ DAY OF _____, 2020**

**CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**