IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| Q'MAX AMERICA, INC., ET AL | § | CASE NO. 20-60030 (CML) |
| | § | |
| DEBTORS. | § | Jointly Administered |

**MOTION TO LIFT STAY TO ALLOW FOR
THE REMOVAL OF THE DEBTOR'S PROPERTY AND EVICTION OF THE
BANKRUPTCY ESTATE FROM LEASED PREMISES**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the Court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on March 9, 2021 at 10:00 a.m.**

**Parties are permitted to participate by telephone without prior permission of the Court. To access the hearing, Dial (832) 917-1510 Conference Code: 590153. Telephonic participants may connect on-line through the website located at https://www.join.me. Click on "Join Meeting". The code for the meeting is "Judge Lopez". If you are attempting to view the broadcast on an iPad or similar device, you may be required to download a free app from the website.**

NOW COMES Berry Contracting, L.P. ("Movant") and files this Motion to Lift Stay to allow the eviction of and the removal of property located at the Movant's premises and for cause would show the Court as follows:

**JURISDICTION**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b), and 28 U.S.C. §157(b)(2)(G).

1

## PARTIES

2. Berry Contracting, L.P. (d/b/a Bay Ltd.) is the Movant herein having leased an equipment yard located in Three Rivers, Texas.

3. Christopher R. Murray, Chapter 7 Trustee ("Trustee") is the bankruptcy Trustee for the bankruptcy estate of Anchor Drilling Fluids USA, LLC ("Debtor") and is a party only in his capacity as the Trustee of the bankruptcy estate of the Debtor.

## NATURE OF MOTION

4. This Motion seeks to lift and terminate the automatic stay imposed by 11 U.S.C. §362, to the extent applicable, to allow the Movant to evict the estate and remove all inventory and equipment stored at the leased premises located at Three Rivers, Texas.

## FACTS

5. On September 11, 2011, Movant and Debtor entered into a Ground Lease Agreement (the "Lease") covering approximately seven (7) acres of land located near Three Rivers, Texas. Movant leased the real property and the improvements thereon for an initial eighty-four (84) month term. The lease terms offered Debtor an Option to Extend the lease term by an additional five (5) years. A true and correct copy of the lease agreement is attached hereto as **Exhibit 1.**

6. On or before September 11, 2018, Debtor exercised the option to extend the lease for an additional five years through September 11, 2023. Movant and Debtor exercised a Second Amendment to the Lease to amend it in certain respects and to memorialize the exercise of the option to extend the Lease. A true and correct copy is attached hereto as **Exhibit 2.**

7. Debtor and now the bankruptcy estate stores various equipment at the location including drilling fluids and mud that was used as inventory by the Debtor in its operations.

8. On May 24, 2020, Debtor filed for relief under Chapter 7, Bankruptcy Code. The Trustee was appointed as Chapter 7 Trustee over the bankruptcy estate of Debtor.

9. Since the filing of the Bankruptcy, the Trustee has moved additional equipment and inventory to the location covered by the Lease.

10. Effective December 14, 2020, the Trustee rejected the Lease and is in default of the same. Based on the rejection, Movant seeks to evict the estate from the lease premises. In doing so, the equipment and inventory located on the leased property will have to be removed and stored at another location. It is unclear whether the Trustee or the secured creditor that holds a security interest in the equipment and inventory is willing to remove the equipment and inventory voluntarily.

11. To the extent that the automatic stay applies, Movant seeks through this Motion the lifting of the automatic stay to allow Movant to evict and if necessary, to remove property belonging to the estate from the leased location.

## ARGUMENT AND AUTHORITIES

12. The estate rejected the Lease effective December 14, 2020, pursuant to 11 U.S.C. §365(d)(4). This section makes quite clear that the Trustee is to immediately surrender possession of the leased premises upon rejection. However, the Trustee has yet to surrender possession of the premises and continues to store various items of equipment and inventory located thereon. Apparently, the Trustee, for the benefit of the secured creditor is conducting an auction of the equipment and inventory.

13. Pursuant to 11 U.S.C. §365(d)(4), once the Lease is rejected, the Trustee is to surrender possession of the premises as the lessor is not required to seek relief from the automatic

stay or to pursue state court eviction proceedings.[1]   However, since the estate's equipment and inventory is implicated by an eviction, Bay out of abundance of caution, seeks an order from this Court permitting the eviction and removal of the equipment and inventory from the site location.

14. Pursuant to 11 U.S.C. §362(d)(1), cause exists to lift the automatic stay, including the lack of adequate protection of an interest in property of Bay, as Bay is not receiving rent and its property is being used by the Trustee.  The rejected lease is not property of the estate.  Additionally, Bay believes it can lease the property once the equipment and inventory is removed, and is incurring opportunity costs while the premises are occupied by the bankruptcy estate.

15. Finally, pursuant to 11 U.S.C. §365(d)(2)(A) and (B), the Trustee has no equity in the leased premises and the same is not necessary for an effective reorganization.  To the extent that the automatic stay applies, cause exists that the stay be lifted.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court grant the Motion to Lift Stay and for such other and further relief that it may be justly entitled.

Respectfully submitted:

SCHAUER & SIMANK, P.C.
615 North Upper Broadway, Suite 700
Corpus Christi, Texas  78401-0781
Telephone:  361-884-2800
Facsimile:    361-884-2822

By: */s/ Ronald A. Simank*
    Ronald A. Simank
    State Bar No. 18359400
    Federal Admission No. 0359

---

[1] *In re Tubular Technologies, LLC*, 348 B.R. 699,713-714 (Bankr. D. South Carolina 2006) and *In re Deli, Den LLC*, 425 B.R. 725, 726-727 (Bankr. S.D. Florida 2010) (language of §365(d)(4) prevails over state law as lessor is entitled to immediate possession of property and following a rejection of the Lease).

rsimank@cctxlaw.com

**ATTORNEYS FOR BERRY CONTRACTING, L.P. d/b/a BAY LTD.**

## CERTIFICATE OF CONFERENCE

I do hereby certify on January 22, 2021, I conferred with Jarrod B. Martin, attorney for the Chapter 7 Trustee, concerning the Motion to Lift Stay. The Parties have been unable to reach an agreement on the relief requested.

/s/ Ronald A. Simank
Ronald A. Simank

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2021, a true and correct copy of the foregoing document was sent via electronic mail to all counsel and parties listed on the Court's ECF filing system and electronically mailed to those listed below:

Jarrod B. Martin
Chamberlain, Hrdlicka, White
Williams & Aughtry, P.C.
1200 Smith Street, Suite 1400
Houston, TX  77002
Jbm.trustee@chamberlainlaw.com
*Counsel for Christopher R. Murray, Chapter 7 Trustee*

Christopher R. Murray
Jones Murray & Beatty LLP
4119 Montrose Blvd., Suite 230
Houston, TX  77006
chris@jmbllp.com
*Chapter 7 Trustee*

/s/ Ronald A. Simank
Ronald A. Simank

5