IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'Max America, Inc., et al [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

## STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY

Christopher R. Murray, chapter 7 trustee ("**Trustee**") for the bankruptcy estates of Q'Max America, Inc. ("**Q'Max**") and Anchor Drilling Fluids USA, LLC ("**Anchor**" and collectively with Q'Max, "**Debtors**") and Emily Doucet ("**Doucet**" and together with the Trustee, "**Parties**"), hereby enter into this stipulation ("**Stipulation**") and agree as follows:

WHEREAS, on May 24, 2020 ("**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas ("**Bankruptcy Court**") jointly administered under Case No. 20-60030 ("**Bankruptcy Case**");

WHEREAS, upon the filing of the Debtors' chapter 7 petitions the automatic stay of section 362 of the Bankruptcy Code ("**Stay**") came into effect and stayed any litigation against the Debtors;

WHEREAS, Doucet filed a Motion to Lift Automatic Stay ("**Doucet Motion**") on January 19, 2021.[2]

WHEREAS, prior to the Petition Date, Doucet filed a Petition for Damages on May 3, 2019, bearing Case No. 19-C-1939, in Division "B" of the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, entitled *Emily Doucet v. Zurich American Insurance Company, Anchor Drilling Fluids USA, LLC, Kevin McPhearson, and State Farm Mutual Automobile Insurance Company* ("**Doucet Lawsuit**").

WHEREAS, the Doucet Lawsuit alleged that the accident sued upon occurred while Kevin McPhearson ("**McPhearson**") was engaged in the course and scope of his employment with Anchor, and therefore McPhearson and Anchor, are liable for the injuries and damages sustained by Doucet arising from the automobile accident of May 24, 2018.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

[2] ECF No. 491.

WHEREAS, Doucet alleges that Kevin McPhearson is insured under a policy of Business Auto insurance issued by Zurich American Insurance Company, which also provides coverage to Anchor in the amount of $1,000,000 per accident from which a judgment received by Doucet and the Doucet Lawsuit could be satisfied;

WHEREAS, subject to the approval of this Court, the Parties have agreed to modify the automatic stay and allow the Doucet Lawsuit to proceed, as set forth herein.

NOW THEREFORE, the Parties agree and stipulate that:

1. Upon approval of this Stipulation by the Court, the automatic stay pursuant to section 362 of the Bankruptcy Code shall be modified solely with regard to the Doucet Lawsuit.

2. Any and all proofs of claim filed or to be filed by Doucet in this Bankruptcy Case for the purpose of collecting claimed damages, costs, or fees in connection with the Doucet Lawsuit against Debtors are and will be disallowed and expunged, and Doucet shall not be entitled to receive any distributions from the Debtors in this Bankruptcy Case in connection with the Doucet Lawsuit.

3. Doucet shall not have an allowed claim in this Bankruptcy Case in connection with the Doucet Lawsuit against any of the Debtors and shall not be entitled to any distributions from any of the Debtors, their estate, or their successors, in connection with the Doucet Lawsuit, now or in the future.

4. Notwithstanding the foregoing, Doucet shall be permitted to recover on her claims against either of the Debtors[3] in the Doucet Lawsuit from (a) any applicable insurance policy of Anchor or non-Debtor defendants, as set forth more fully below, and (b) any non- Debtor defendants.

5. Doucet agrees that she will not seek or otherwise pursue any further action or claim against the Debtors, their estates demanding payment, satisfaction of any claimed amounts due, or any other costs of any kind in connection with the Doucet Lawsuit.

6. The Trustee agrees that Doucet may seek to establish Anchor's liability in the Doucet Lawsuit provided that Doucet agrees to limit the relief sought solely to the available insurance proceeds (if any) of the Anchor and the non-Debtor defendants.

7. Notwithstanding the foregoing, nothing in this Order shall be considered a determination of the obligations, if any, of the Debtors' insurers to indemnify the Debtors by paying Doucet any portion of any settlement or judgment, and the issue and determination of any insurers' duty to indemnify the Debtors is expressly reserved.

8. Upon approval of this Stipulation by the Court, the Doucet Motion is hereby withdrawn and the hearing scheduled for February 16, 2021 at 10:00 a.m., or any hearing subsequently scheduled for the purpose of adjudicating the Doucet Motion is hereby adjourned.

---

[3] The Doucet Lawsuit was filed solely as to Anchor. Out of an abundance of caution, Q'Max is included as a party to this stipulation.

9.  Except to the extent set forth herein, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting the execution, enforcement, or collection of any award or judgment obtained against the Debtors, and against any assets or properties of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Nothing contained herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claims by any person or entity other than Doucet as provided herein.

10. The attorneys for the Trustee and Doucet represent and warrant that the Trustee and Doucet have full knowledge of, and have consented to, this Stipulation and that the attorneys for the Trustee and Doucet have full authority to execute this Stipulation on behalf of the Trustee and Doucet.

11. This Stipulation is subject to the approval of the Court and shall be of no force and effect unless and until an order approving the same is entered. If this Stipulation is not approved by the Court, it shall be null and void and shall not be referred to, or used for any purpose, by any of the Parties.

12. The Court shall have sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation as well as with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of Texas.

13. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise, except as otherwise provided in this Stipulation.

14. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto.

IT IS SO **ORDERED**.

Signed this _____ day of _____, 2021

_____
**Christopher M. Lopez,**
**United States Bankruptcy Judge**

**AGREED:**

| | |
|---|---|
| **CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.** | **LABORDE EARLES LAW FIRM, LLC** |

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

By: /s/ Scott Higgins
Scott Higgins
Louisiana Bar No. 26924
1901 Kaliste Saloom Road
Lafayette, Louisiana 70508
P: 337.261.2617
F: 337.261.1934
E: scott@onmyside.com

*Attorney for Emily Doucet*