IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| Q'Max America, Inc., *et al.,* | § § | Case No. 20-60030-CML |
| Debtors. | § § | Jointly Administered |

| | | |
|---|---|---|
| Christopher R. Murray, Chapter 7 Trustee, | § § § | |
| Plaintiff | § § § | Adversary No. 21-06011 |
| v. | § § | |
| Wise Services, Inc., | § § § | |
| Defendant. | § | |

### JOINT EXPEDITED MOTION TO AMEND SCHEDULING ORDER AND CONSOLIDATE PROCEEDINGS

Christopher R. Murray ("**Plaintiff**") and Wise Services, Inc. ("**Defendant**" and together with the Plaintiff, "**Parties**") file this *Joint Motion to Amend Scheduling Order* ("**Motion**") as authorized by Rule 7016 of the Federal Rules of Bankruptcy Procedure and Rule 16 of the Federal Rules of Civil Procedure. In support of this Motion, the Parties respectively stat as follows:

1. On May 24, 2020 ("**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and commenced the above-captioned chapter 7 cases ("**Chapter 7 Cases**").

2.      This same day, the United States Trustee appointed the Trustee to the Chapter 7 Cases.

3.      The Defendant filed an Application for Administrative Expense and Order Directing Payment for Services Rendered Post-Petition ("**Application**"),[1] and the Plaintiff filed his objection to the Application ("**Objection**")[2] shortly thereafter.

4.      After an initial status conference on September 28, 2021, the Parties submitted a proposed scheduling order with the Court, which was entered on October 4, 2021 ("**Scheduling Order**").[3]

5.      Shortly thereafter, the Plaintiff commenced the above-captioned adversary proceeding against Plaintiff asserting related claims ("**Adversary Proceeding**").[4]

6.      The Parties have agreed that the Application and the Adversary Proceeding should be consolidated.

7.      The parties therefore respectfully request that this Court modify the Scheduling Order to reflect the dates proposed in the attached proposed order.

8.      A court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P 16(b)(4). Inge v. Rock Fin. Corp. 281 F.3d 613, 625 (6th Cir. 2002).

9.      Here, there is good cause to modify the current Scheduling Order because the Application and corresponding Objection relate to the allegations in the Adversary Proceeding.

---

[1] ECF No. 643.
[2] ECF No. 655.
[3] ECF No. 668.
[4] Adv. No. 20-06011

**JOINT MOTION TO AMEND SCHEDULING ORDER**                                                            **PAGE | 2**

10. Expedited relief is requested given the accelerated nature of this litigation.

Dated: October 7, 2021

                                            **CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

                                            By: /s/ Jarrod B. Martin
                                            Jarrod B. Martin
                                            Texas Bar No. 24070221
                                            1200 Smith Street, Suite 1400
                                            Houston, Texas 77002
                                            D: 713.356.1280
                                            F: 713.658.2553
                                            E: jarrod.martin@chamberlainlaw.com

                                            *Counsel for Christopher R. Murray,*
                                            *Chapter 7 Trustee*

*Seen and Agreed:*

**FENNEMORE CRAIG, P.C.**

By: /s/ *Anthony W. Austin*
Christopher Gooch (No. 019101)
Anthony W. Austin (No. 25351)
2394 E. Camelback Rd., Ste. 600
Phoenix, AZ 85016
P: (602)-916-5000
E: cgooch@fennemorelaw.com
   aaustin@fennemorelaw.com

*Counsel for Wise Services, Inc.*