IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| Q'Max America, Inc., *et al.*,[1] | § § | Case No. 20-60030 (CML) |
| Debtors. | § § § | Jointly Administered |

**TRUSTEE'S APPLICATION PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDOWELL HETHERINGTON LLP AS SPECIAL LITIGATION COUNSEL**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Christopher Murray, the duly appointed trustee ("**Trustee**") for the chapter 7 estates of Anchor Drilling Fluids USA, LLC ("**Anchor Drilling**") and Q'Max America Inc. ("**Q'Max**" and, together with Anchor Drilling, "**Debtors**"), respectfully states as follows in support of this application ("**Application**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

**RELIEF REQUESTED**

1. The Trustee seeks entry of an order pursuant to section 327(e) of the Bankruptcy Code, substantially in the form filed contemporaneously with this Application, authorizing the retention and employment of McDowell Hetherington LLP ("**MH**" or "**Firm**") as special litigation counsel effective February 9, 2022.  In support of this Application, the Trustee submits the declaration of Nick Lawson, a partner of the Firm ("**Lawson Declaration**"), which is attached hereto as **Exhibit A**.

2. The bases for the relief requested herein are sections 327(e), 328, and 330 of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), Rules 2014-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas ("**Bankruptcy Local Rules**").

**JURISDICTION, VENUE AND CONSTITUTIONAL AUTHORITY**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and arises in or under title 11 of the United States Code.

4. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter under 28 U.S.C. § 1334.  The matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory bases for relief requested herein are 11 U.S.C. §§ 327, 328, and 330 of the Bankruptcy Code,[2] Rules 2002, 2014, and 2016 of the Federal Rules of Bankruptcy

---

[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to the United States Bankruptcy Code, 11 U.S.C., and any section (§) thereof refers to the corresponding section in 11 U.S.C, unless stated otherwise.

**TRUSTEE'S APPLICATION PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDOWELL HETHERINGTON LLP AS SPECIAL LITIGATION COUNSEL** PAGE | 2

Procedure,[3] and Rules 2014 and 2016 of the Bankruptcy Local Rules for the Southern District of Texas ("**L. Rule**").

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The Court has constitutional authority to enter a final order regarding the Application. The Application concerns essential bankruptcy matters which have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[4] In the alternative, the matters addressed in the Application are essential bankruptcy matters which trigger the public rights exception.[5]

## BACKGROUND

8. Shortly after the bankruptcy case was filed, the Trustee engaged MH as his general counsel, with Jarrod Martin as his lead counsel. Shortly after retention, Mr. Martin moved his practice to Chamberlain Hrdlicka Williams White & Aughtry, P.C., and MH filed a final fee application as general counsel. Since its engagement terminated, MH has continued to monitor the bankruptcy cases.

9. The Trustee spent extensive time interviewing law firms and conducting relevant due diligence. In total, the Trustee provided access to a data room and he or his professionals interviewed 5 different firms. Three firms passed on the engagement, and of the remaining two firms, MH had the best combination of economic terms and experience.

10. Specifically, MH will pursue causes of action relating to: (1) claims against former directors, officers and insiders of the Debtors; (2) recovery of causes of action under matters arising under 11 U.S.C. §§ 542, 544, 547, 548, 549, 550 other applicable state and federal law, including

---

[3] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.
[4] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).
[5] *See id.*

any causes of action against any subsequent transferees, against entities listed on the attached **Exhibit B** ("**Special Litigation Matters**").

## MH'S QUALIFICATIONS AND SCOPE OF SERVICES

11. Subject to approval by the Court, the Trustee selected MH as special litigation counsel for the above matters because of MH's (i) experience with and knowledge of Q'Max as a result of representing Q'Max earlier in this bankruptcy case (ii) relevant experience relating to the Special Litigation Matters, (iii) a strong working relationship with the Trustee, and (iv) economically superior engagement terms. The Trustee believes that the employment and retention of MH as counsel is necessary and in the best interests of the Debtors' estates.

12. MH was initially retained as general counsel in this case and then in the Special Litigation Matters on the dates set forth above. In addition to the Special Litigation Matters, MH has represented this Trustee and other trustees in other contingency fee matters. As a result, the Trustee has familiarity with MH and trusts the level of work they will produce in this representation.

13. MH's experienced litigators have represented clients in both fraudulent transfer and fiduciary litigation. They also advise clients on directors and officers insurance coverage. Similarly, MH's attorneys have experience handling complex commercial lawsuits in a variety of industries.

14. The Trustee believes MH's extensive experience in complex commercial litigation matters, and contingency business litigation matters, makes MH well qualified to efficiently represent the Trustee on behalf of the Debtors' estates. The Trustee was unable to retain counsel to pursue these claims on more favorable commercial terms than the terms set forth in this Application.

15. MH maintains offices at 1001 Fannin Street, Suite 2700, Houston, TX 77002. Their phone number is (713) 337-5580. Nick Lawson will be designated as attorney-in-charge.

16. Accordingly, the Trustee seeks authorization from the Court to employ MH in connection with the Special Litigation Matters. MH will render professional services including, but not limited to, the following:

   a. Assisting the Trustee in analyzing claims owned by the estate;

   b. Preparing and filing such pleadings as are necessary to pursue the estate's claims in connection with the Special Litigation Matters;

   c. Conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation;

   d. Representing the Trustee in the Special Litigation Matters and any adversary proceeding and other proceedings before the Court and in any other judicial or administrative proceedings in which the claims described in this Application may be affected;

   e. Collecting any judgment that may be entered in favor of the Trustee in the Special Litigation Matters;

   f. Handling any appeals that may result from the Special Litigation Matters; and

   g. Performing any other legal services that may be appropriate in connection with the prosecution of the Special Litigation Matters.

## PROFESSIONAL COMPENSATION

17. The Trustee negotiated a contingency fee of 35%, which represents the most favorable economic terms he was able to reach after interviewing numerous firms. A copy of the proposed agreement is attached as **Exhibit C**. The contingent fee is less than MH's normal contingency fee of 40%. MH will also advance expenses associated with the investigation and prosecution of the Special Litigation Matters, and the estate will only be responsible for reimbursing those expenses if MH is successful under the terms of the engagement.

18. In reaching his decision, the Trustee evaluated the estate's available resources, the

complexity of the litigation, the anticipated costs and the associated risks of the litigation. Under the circumstances, the Trustee believes the terms of the proposed agreement are reasonable, prudent and in the best interest of the estate.

19. Other than the fees associated with MH's short-term general counsel engagement, totaling $33,020.00 in fees and $1,463.96 in expenses, MH has not received any funds from the debtor, the Trustee or any other party in this case.

20. In the declaration attached, MH identified the amount and the source of compensation to be paid to MH for services rendered in connection with its representation of the Trustee in this case.

## NO ADVERSE INTEREST

21. To the best of the Trustee's knowledge: (i) MH does not represent or hold any interest adverse to the Debtors or to the Debtors' estates on the matters for which MH is to be employed (the Special Litigation Matters); and, (ii) MH has no connection to the Debtors, the Debtors' creditors, or other parties-in-interest except as set forth in the Lawson Declaration.

## ARGUMENT & AUTHORITY

22. The Trustee seeks retention of MH as special litigation counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

23. On the issue of disinterestedness, retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel

under section 327(a).[6] As set forth above and in the Lawson Declaration, this requirement was met because MH does not represent or hold any interest adverse to the Debtors or to the Debtors' estates on the matters for which MH is to be employed.

24. In addition, Bankruptcy Rule 2014(a) requires an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.[7]

The reasoning behind the Trustee's decision to employ MH (subject to Court approval), and the necessity of the retention, the compensation arrangement and other terms of the engagement, and MH connections with parties-in-interest, are set forth above.

25. The Trustee submits that the proposed retention of MH for the Special Litigation Matters satisfies all the requirements of section 327(e) in that: (i) the retention is for the specified purpose of representing Q'Max in the Special Litigation Matters; (ii) the retention does not involve conducting these chapter 7 bankruptcy cases; (iii) the retention is in the best interest of the Debtors' estates; and (iv) MH does not represent or hold any interest adverse to the Debtors or to the Debtors' estates on the matters for which MH is to be employed. Similarly, the Trustee submits that this Application includes all information required by Bankruptcy Rule 2014(a).

## NOTICE

26. The Trustee will provide notice of this Application to the entities on the attached

---

[6] *See Meespierson Inc. v. Strategic Telecom*, 202 B.R. 845, 847 (D. Del. 1996) (special counsel employed under section 327(e) need only avoid possessing a conflict of interest concerning the matter at hand); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) ("[W]here the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original).

[7] FED. R. BANKR. P. 2014.

Master Service List, which includes: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the Debtors and Debtors' counsel; (iii) the twenty largest unsecured creditors; and, (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, The Trustee respectfully requests that this Court grant the relief sought by this Application, approve the engagement of MH as special litigation counsel, and grant such other further relief as is just and proper.

Dated: March 6, 2022

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/ Jarrod B. Martin*
  Jarrod B. Martin
  Texas Bar No. 24070221
  1200 Smith Street, Suite 1400
  Houston, Texas 77002
  D: 713.356.1280
  F: 713.658.2553
  E: jarrod.martin@chamberlainlaw.com

  *Counsel for Christopher R. Murray,*
  *Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 6, 2022, a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first class mail via the attached service list.

  */s/ Jarrod B. Martin*
  Jarrod B. Martin