**Exhibit A**

**Lawson Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>Q'MAX AMERICA, INC., *et al.*,[1]<br><br>Debtors. | §<br>§<br>§   Chapter 7<br>§<br>§   Case No. 20-60030 (CML)<br>§<br>§   (Jointly Administered)<br>§<br>§ |

**DECLARATION OF NICHOLAS R. LAWSON IN SUPPORT OF THE TRUSTEE'S APPLICATION PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDOWELL HETHERINGTON LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

I, Nicholas R. Lawson, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the law firm McDowell Hetherington LLP ("MH" or the "Firm"). I am a member in good standing of the Bar of the State of Texas, and I have been admitted to practice in all federal district courts in Texas and the United States Court of Appeals for the Fifth Circuit. There are no disciplinary proceedings pending against me.

2. I submit this declaration (the "Declaration") in support of the *Trustee's Application Pursuant to Section 327(e) of the Bankruptcy Code for Entry of an Order Authorizing the Retention and Employment of McDowell Hetherington LLP as Special Litigation Counsel* Nunc Pro Tunc (the "Application").[2]

3. I have personal knowledge of the facts set forth herein unless otherwise indicated. To the extent any information disclosed herein requires amendment or modification, I will submit

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

4847-5358-6115.2

a supplemental declaration.

4. Neither I, MH, nor any other lawyer at the Firm have represented any entity other than Q'Max in connection with the Special Litigation Matters, as that term is defined below.

## MH'S QUALIFICTIONS

5. MH was initially retained as general counsel in this case. In addition to the Special Litigation Matters here, MH has represented this Trustee and other trustees in this district in other contingency fee matters. As a result, the Trustee has familiarity with MH and trusts the level of work they will produce in this representation.

6. MH's experienced litigators have represented clients in fraudulent transfer and fiduciary litigation. They also advise clients on directors and officers insurance coverage. Similarly, MH's attorneys have experience handling complex commercial lawsuits in a variety of industries.

## SERVICES TO BE PROVIDED

1. MH will pursue causes of action relating to: (1) claims against former directors, officers, and insiders of the Debtors; and (2) recovery of causes of action under matters arising under 11 U.S.C. §§ 542, 544, 547, 548, 549, 550 other applicable state and federal law, including any causes of action against any subsequent transferees, against entities listed on the attached **Exhibit C** (the "Special Litigation Matters").

2. Accordingly, the Trustee seeks authorization from the Court to employ MH in connection with the Special Litigation Matters. MH will render professional services including, but not limited to, the following:

   a. Assisting the Trustee in analyzing claims owned by the estate;

   b. Preparing and filing such pleadings as are necessary to pursue the estate's claims in

      connection with the Special Litigation Matters;

c. Conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation;

d. Representing the Trustee in the Special Litigation Matters and any adversary proceeding and other proceedings before the Court and in any other judicial or administrative proceedings in which the claims described in this Application may be affected;

e. Collecting any judgment that may be entered in favor of the Trustee in the Special Litigation Matters;

f. Handling any appeals that may result from the Special Litigation Matters; and

g. Performing any other legal services that may be appropriate in connection with the prosecution of the Special Litigation Matters.

## **PROFESSIONAL COMPENSATION**

3.      MH has agreed to be compensated on a contingency fee of 35%. The contingent fee offered here is less than MH's normal contingency fee of 40%. MH will also advance expenses associated with the investigation and prosecution of the Special Litigation Matters, and the estate will only be responsible for reimbursing those expenses if MH is successful under the terms of the engagement.

4.      MH has not received any funds from the debtor, the Trustee or any other party in this case other than the fees associated with MH's short-term general counsel engagement, totaling $33,020.00 in fees and $1,463.96 in expenses.

**MH'S CONNECTIONS**

7. Following the Trustee's selection of MH as special litigation counsel, MH conducted a comprehensive computerized conflicts check of known parties-in-interest to ensure it was not precluded from representation, which supplemented the conflict check already run when MH represented the Trustee as general counsel. Based on my review of the results of the conflicts check, I am confident that (a) MH does not have any connection with the Debtors, their creditors, or with any parties-in-interest, or with their attorneys and accountants, or with the Office of the United States Trustee, or with any personnel employed in the Office of the United States Trustee that would disqualify the Firm, and (b) MH does not now hold or represent any interest adverse to the Debtors or their estates in matters for which the Firm is to be engaged.

8. More specifically, MH obtained from the Trustee the names of individuals and entities that may be parties in interest in these chapter 7 cases (the "Potential Parties in Interest"), which are listed on **Schedule 1** hereto. In preparing this Declaration, either I or someone under my supervision and direction searched MH's client database to determine whether MH had any relationships with the groups of persons and entities listed on **Schedule 1**.

9. Listed on **Schedule 2** to this declaration are the results of MH's conflict searches of the above-listed entities.

10. MH was paid $33,020.00 in fees and $1,463.96 in expenses relating to its representation of the Trustee as general counsel.

11. From time to time, MH may have referred work to other professionals to be retained in these chapter 7 cases. Likewise, certain such professionals may have referred work to MH. Certain professionals in this case may have participated in mediations with MH in matters wholly unrelated to these chapter 7 cases.

12. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, MH, nor any partner or associate thereof, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of Texas, any person employed in the office of the United States Trustee for the Southern District of Texas, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of Texas, except as disclosed or otherwise described herein. To the best of my knowledge and insofar as I have been able to ascertain, (a) MH does not hold or represent an interest adverse to the Debtors or the Debtors' estates with respect to the matters for which the Firm seeks to be retained (the Special Litigation Matters) and (b) MH has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed herein.

13. MH will review its files periodically during the pendency of these chapter 7 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, MH will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed in Houston, Texas on this 16th day of February, 2022.

By: /s/ Nick Lawson
Nick Lawson

**Schedule 1**

**List of Entities Searched**

**Debtors and counsel:**
Q'Max America, Inc.
Anchor Drilling Fluids USA, LLC

Porter Hedges LLP

**Trustee and counsel:**
Christopher R. Murray

Chamberlain Hrdlicka

**Secured Creditors and Counsel:**
ENCINA BUSINESS CREDIT SPV, LLC
HSBC BANK CANADA
HYG FINANCIAL SERVICES, INC.
DELL FINANCIAL SERVICES L.L.C.
GREAT AMERICA FINANCIAL SERVICE CORPORATION
Riemer & Braunstein LLP
Kyung S. Lee PLLC
NORTON ROSE FULBRIGHT US LLP

**Top 20 Consolidated Unsecured Creditors:**
Agri-Empresa, LLC
American Refining Group, Inc.
Baker Hughes
Bri-Chem Supply Corp.
Chesapeake Energy Corporation
Cimbar Performance Minerals
Cimbar WV
Elementis Specialties, Inc.
Excalibar Minerals LLC
Federal Wholesale Drig Mud
Hill Brothers Chemical A
IEP Minerals, LLC
Ingevity Corporation

**Controlling Shareholders:**
CENTRAL PROCUREMENT INC.

**Other Related Entities:**
C&A GRINDING, L.L.C.
Q'Max Solutions Inc.
Fluid Holding Corp.

**Control Persons:**
Veronica Morales Brown (VP Supply Chain)
Celina Carter (Secretary)
Rafael Andres Diaz-Granados (Director and President)
Eric Glover (CFO)
Jocelyn R Rivera (Assistant Secretary)
Joseph's Energy, LLC
Myers Well Service Inc.
Paul, Weiss, Rifkind, Wharton & Garrison
Pricewaterhousecoopers LLP
Royal Logistics
Tiger Calcium, Inc.
UV Logistics
Alvarez & Marsal North America, LLC
Boyar Miller P.C.
First Insurance Funding Corp
Randstad North America, Inc. dba Tatum
McCarthy Tetrault LLP
RSM US LLP
The BVA Group, LLC.
Haynes & Boone

**US Trustee and Individuals Employed in the Office of the US Trustee for Region 7 in Houston:**
Millie Sall
Alicia Barcomb
Alethea Caluza

4847-5358-6115.2

2

Hector Duran
Ivette Gerhard
Brian Henault
Luci Johnson-Davis
Omar Jones
Linda Motton
Ha Nguyen
Glenn Otto
Yasmine Rivera
Jayson B. Ruff
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Christopher Travis
Clarissa Waxton
Jana Whitworth

**Debtors' Employees**
Janet Hall
Kris G. Radhakrishnan
Bradley Billon
Alan David McLean
Christopher Rivers
Celina Carter
Rafael Andres Diaz-Granados
Brian Coe
Veronica Morales Brown
Christopher Pennington
Byron Alexander Church
Ann Marie L. Boatcallie
Guido J. Rivas

2

**Schedule 2**

**Conflict Search Results**

1. MH previously represented Baker Hughes and matters unrelated to the Special Ligation Matters and unrelated to these chapter 7 cases.

2. MH previously represented clients adverse to Chesapeake Energy Corporation in matters unrelated to the Special Litigation Matters and unrelated to these chapter 7 cases.

3. Dell Financial Services LLC is a vendor of MH, but MH does not and has not represented Dell Financial Services LLC.

4847-5358-6115.2