**Exhibit C**



1001 Fannin Street
Suite 2700
Houston, TX 77002

Ph (713) 337-5580
Fax (713) 337-8850

February 16, 2022

Christopher R. Murray
Chapter 7 Trustee for Q'Max America, Inc.,
& Anchor Drilling Fluids USA, LLC
Jones Murray & Beatty LLP
4119 Montrose, Suite 230
Houston, Texas 77006

Re:     Engagement Letter

Dear Chris:

Thank you for engaging McDowell Hetherington LLP ("MH") to represent you in connection with your role as Trustee in connection with *In re Q'Max America, Inc., et al.,* currently pending before the United States Bankruptcy Court for the Southern District of Texas, Case No. 20-60030-CML (the "Project"). We appreciate the confidence you have shown in MH and look forward to this opportunity to represent you.

It is our practice to confirm the terms and conditions of our engagements, and that is the purpose of this letter. If you have any questions about this letter or any aspect of the representation, please contact me as soon as possible. The following are the specific terms of our engagement:

1. Professional Undertaking: The most important point in this letter is that we will work to serve you effectively. While we cannot guarantee the outcome or success of this matter, or promise any particular result, we will try to serve your interests to the best of our ability. If at any time you have questions, concerns or criticisms, please contact us.

2. Scope of Engagement: MH will represent you as special litigation counsel in connection with the Project, including any adversary proceedings that you may authorize us to pursue. MH's scope of work is limited to affirmative litigation as set forth in the Special Litigation Matters described in the Trustee's Application to hire MH as Special Litigation Counsel. This letter may be supplemented to reflect new matters that deviate from the Special Litigation Matters in complexity, scope, nature or risk, or which require a substantial change in terms and conditions.

3. Attorney's Fees: This agreement is a contingency fee contract. If we are successful in recovering money or other things of value whether by settlement, arbitration award, order, or judgment – then we shall receive attorney's fees in a dollar amount equal to 35% of the gross recovery for each matter. That means that the firm's recovery will be calculated prior to the deduction of expenses, liens, unpaid debts, or other obligations. In the event that



recovery also includes court awarded attorney's fees, MH will be entitled to the full court awarded attorney's fee in addition to MH's 35% contingency fee in the remainder of the recovery.

   a. The total recovery—for purposes of calculating attorneys' fees under paragraph 3—includes all monies and everything of value (expressed in present-cash dollars) recovered, received, or obtained by you as a result of any settlement of or recovery under the Project. Such things of value include, but are not limited to, modification, extinguishment, or forgiveness of any loan or debt, or any related interest or penalties, or any damages or monies owed or may be obligated for under any contract or the value of any performance under such a contract.

   b. Because settlements and judgments can take many forms, and although an exhaustive list is impossible, it is important to address at least some of the situations that could arise as to how the fee is calculated in the event the recovery is not in the form of immediately available cash. If the recovery has components such as the transfer or declaration of entitlement to real or personal property, injunctive relief, specific performance of an obligation, forgiveness of debt, commercial/contractual concessions, or other non-cash benefits to you, the fee shall be calculated based on the fair market value of the benefit obtained. In the event the recovery involves future payments, the fee will be based on the present value of those payments, unless at its sole option, MH elects to collect its fee over time out of the future payments. If any portion of a recovery is contingent upon future events, then the fee shall be based on an appraised value of that contingent right, unless at its sole option, MH elects to retain its percentage interest in the contingent right and collect its fee at the time payment is made. In any of these cases, the fee and reimbursement for costs and expenses incurred on your behalf is due and payable at the time of the recovery unless MH otherwise elects.

4. <u>Deduction of Expenses</u>: It will be necessary for MH to incur and advance certain court costs and other types of expenses on your behalf. These costs and other expenses may include, but are not limited to, the following: filing and service fees; costs for records; costs for investigative services; expert-witness and consultant fees; mediator's fees; travel expenses (including air fare, ground transportation, vehicle mileage, lodging, and meals); deposition expenses and court- reporter fees; transcripts of court proceedings; charges for computer-assisted legal research; charges for document management; preparation of exhibits and graphics; and miscellaneous copying (billed at MH's usual rate or the costs of any outside copy service used by the MH), postage, long-distance telephone charges, fax charges at MH's usual rate, shipping expenses, and courier expenses. You agree that MH may borrow funds to finance or pay such court costs and litigation expenses, and the reasonable interest charged on such borrowed funds will be added to the court costs and litigation expenses. You agree to reimburse MH for all such costs and expenses from your share of the total recovery, whether by settlement, arbitration award, order, or judgment.

February 16, 2022
Page 3



Upon MH's receipt of the proceeds of any settlement, arbitration award, order, or judgment, MH shall (1) retain as its attorneys' fees the amount set forth in Paragraph 3; (2) deduct from your share of the total recovery any costs and expenses MH incurs on your behalf and, if applicable, the amount of any liens, assignments, or letters of protection applicable to the total recovery; and (3) disburse the remainder of your share of the total recovery to you. Any payment or reimbursement of costs and expenses that MH receives from another party, as a result of a court ruling or otherwise, will be credited against the amount you would otherwise owe, or will be paid to you if you would not otherwise owe any such expenses. If MH does not obtain a recovery of money or other things of value, then you will not be required to pay any expenses.

5. <u>Anticipated Staffing</u>: Under this engagement, I will be the attorney with primary responsibility for the matter, and while this is a contingency fee contract, you acknowledge and agree that my reasonable billing rate is $600 per hour. MH attorneys Matthew Caldwell and Avi Moshenberg will assist me on this matter and their reasonable rates are $550 per hour. If other associate attorneys work on the matter, their reasonable rates will be up to $525 per hour. The reasonable hourly rate for all paralegals who work on this matter is $275.

6. <u>Retainer</u>: MH will not require the payment of a retainer for this matter.

7. <u>Approval Necessary for Settlement</u>: No settlement of any nature shall be made without your approval. You agree to consider any settlement offer MH recommends before making a decision to accept or reject such offer. You agree to notify MH prior to you engaging directly in settlement discussions or negotiations with another party or with the attorney for another party related to the Project. MH is also granted a power of attorney so that it has full authority to prepare, sign, and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement, and reducing to possession any and all monies or other things of value due to you under the Project as fully as you could so do in person. MH is also authorized and empowered to act as your negotiator in any and all settlement negotiations concerning the Project. All settlements are subject to bankruptcy court approval.

8. <u>Our Relationship with Others</u>: MH represents many businesses and individuals. In some instances, the applicable rules of professional responsibility may limit our ability to represent clients with conflicting or potentially conflicting interests. Those rules of professional responsibility often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another. In other situations, we may be permitted to represent a client only if the other clients consent to that representation.

If a conflicts issue unrelated to the engagement develops between you and another client, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated controversy. In making this



determination, we will consider your agreement to the following conflicts provision.

9. <u>Conflicts</u>: It is MH's practice to comply with the professional standards and ethics requirements in the jurisdictions in which we perform legal services. Based on the information that you have provided, it does not appear that this engagement is materially adverse to any substantially related matter that MH is handling for other clients of the firm. However, should a conflict or potential conflict arise, MH will not be able to continue representing you unless you agree to waive any such conflict. Conflicts sometimes arise or become apparent after work begins on an engagement. When that happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected clients.

   MH may be asked to represent someone whose interests may be adverse to yours. MH accepts this engagement on the understanding that our representation of you will not preclude us from accepting another engagement from an existing or a new client, including litigation adverse to you, provided (1) that such engagement is not substantially related to the subject matter of services we provide to you, and (2) that in accepting such other engagement we would not impair the confidentiality of proprietary, sensitive or otherwise confidential information you have provided to us.

10. <u>Records and file materials</u>: MH reserves the right to discard records, documents or file materials in its possession pertaining to the representation once it is concluded.

11. <u>Your Cooperation</u>: To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request; (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material; (3) attend meetings, conferences, and other proceedings when it is reasonable to do so; and, (4) cooperate fully with us in all matters relating to the engagement.

12. <u>Governing Law</u>: The laws of the State of Texas shall govern the validity, construction, and enforcement and interpretation of this engagement letter. You acknowledge that the choice of Texas law is reasonable in view of the location of the firm's office and its status as a Texas limited liability partnership.

13. <u>Resolution of Disputes</u>: The bankruptcy court in Case No. 20-60030 pending in the United States Bankruptcy Court for the Southern District of Texas retains exclusive jurisdiction to resolve all disputes between the MH and the Trustee.

14. <u>Professional Conduct</u>: All attorneys employed hereunder are subject to the Texas Disciplinary Rules of Professional Conduct, which list several types of conduct or circumstances that require or allow us to withdraw from representing a client; nonpayment



of fees or costs, action contrary to our advice, and conflict of interest with another client. We try to identify in advance and discuss with our client any situation that may lead to our withdrawal and if withdrawal ever becomes necessary, we immediately give the client written notice of our withdrawal. The State Bar of Texas investigates and prosecutes complaints of professional misconduct against attorneys licensed in Texas. If you have a complaint against any attorney, you may refer such a complaint to the office of the General Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711, telephone 1-800-932-1900 (toll-free).

15. Termination: You may terminate the engagement at any time, with or without cause, by notifying us in writing. The firm also can terminate the engagement before the completion of its representation of you in the specified matter if (a) the continued representation would result in a violation of the applicable rules of professional conduct; (b) the termination can be accomplished without material adverse effect on your interests; (c) the firm has a fundamental disagreement with the objective in this engagement; (d) you substantially fail to discharge an obligation regarding this engagement, including the payment of fees and expenses and the duty of cooperation as provided in this letter; or (e) other good cause for termination exist. In the event that the firm intends to terminate the engagement, the firm will give reasonable notice and allow you access to your files relating to this engagement. The termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the Project.

16. Severability: If any part of this agreement is unenforceable for any reason, the parties agree that all other portions shall nevertheless remain valid and enforceable.

17. Integration: This agreement constitutes the sole and only agreement of the parties regarding this representation and the Project and supersedes any prior understandings or written or oral agreement between the parties with respect to such matters. It may not be modified or replaced except by another signed written agreement.

18. Consultation with Independent Counsel: Under the terms of this engagement letter, you have specific obligations to MH (for example, the obligation to provide complete and accurate information to the firm). Moreover, there are limits to the rights that you might otherwise have (for example, the agreement to resolve any dispute with MH by arbitration rather than by jury trial). If you wish to obtain independent advice about these or other parts of this engagement, we encourage you to contact counsel of your choice.

19. Disclaimer: We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control. By signing



    this letter, you acknowledge that MH has made no promises or guarantees to you about the outcome of the representation, in this letter or otherwise.

20. <u>Bankruptcy Court Approval</u>: This engagement letter is subject to bankruptcy court approval. If the Court does not enter an order approving the engagement letter, the terms of this letter will be void.

Please call me if you wish to discuss any aspect of this engagement. If the terms of this engagement letter accurately reflect our agreement, please sign this letter and return it to me. Thank you again for the opportunity to assist you with this matter.

                Very truly yours,

                MCDOWELL HETHERINGTON LLP

                Nicholas R. Lawson

**AGREED AND ACCEPTED:**

Christopher Murray, as Chapter 7 Trustee for
Q'Max America, Inc. & Anchor Drilling Fluids USA, LLC

Signed: _____

Date: _____