IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'MAX AMERICA, INC., *et al.* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH ICL-IP AMERICA, INC.**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Christopher Murray, in his capacity as the duly appointed chapter 7 trustee ("**Trustee**") for the bankruptcy estates of Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC respectfully submits this *Trustee's Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Compromise and Settlement with ICL-IP America, Inc.* ("**Motion**"), and in support hereof, respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This Motion is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory and procedural bases for the relief requested herein are 11 U.S.C. §§ 105(a) of the Bankruptcy Code,[2] Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure,[3] and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas ("**BLR**").

3. Venue is proper in pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has constitutional authority to enter a final order regarding the Motion. Requests for authority to compromise disputes under Rule 9019 have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[4] In the alternative, a request for authority to compromise under Rule 9019 is an essential bankruptcy matter, triggering the "public rights" exception.[5]

## PRELIMINARY STATEMENT: SUMMARY OF SETTLEMENT

5. The Trustee has reached a settlement with ICL-IP America, Inc. ("**ICL-IP**"). ICL-IP and Anchor Drilling Fluids, USA LLC ("**Anchor**" and together with ICL-IP, "**Parties**") had a business relationship in which Anchor purchased product. The Trustee has not filed suit against ICL-IP, instead entering into multiple tolling agreements while negotiations continued.

---

[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.
[3] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.
[4] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).).
[5] *Id.*

3. The Trustee asserts certain transfers in an amount not less than $310,196.04 made to ICL-IP by Anchor are avoidable preferences pursuant to 11 U.S.C. § 547, after providing credit for any new value defense.

4. The settlement terms are described in more detail below. Summarily, ICL-IP will pay the agreed upon amount of $150,000 ("**Settled Amount**") by delivering to Jarrod Martin, Chamberlain Hrdlicka, 1200 Smith Street, Suite 1400, Houston, Texas 77002 a check made payable to "Christopher R. Murray, Chapter 7 Trustee." This compromise is not subject to any contingency fee of the Trustee's special litigation counsel, as the Trustee was able to resolve it without the need to turn over the litigation to contingency counsel.

## RELEVANT BACKGROUND[6]

### A. THE CHAPTER 7 CASES

5. On May 24, 2020 ("**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, commencing the jointly–administered Cases.

6. On May 24, 2020, the United States Trustee appointed the Trustee.

7. Pre-petition, Anchor and ICL-IP had a business relationship in which Anchor purchased product used in Anchor's operations.

8. The summary of the dispute between ICL-IP is as follows:

   i. The Trustee asserts that certain transfers in an amount not less than $310,196.04 were made to ICL-IP, after providing new value credits;
   ii. **ICL-IP's Response**: ICL-IP articulated an ordinary course of business defense.

9. The Trustee, with consent of ICL-IP, files this Motion and requests pursuant to

---

[6] The recitals are solely those of the Trustee and no necessarily adopted by ICL-IP.

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH ICL-IP AMERICA, INC.**      **PAGE | 3**

Bankruptcy Rule 9019 approval of the parties' compromise and authority for the Trustee to enter into the Settlement Agreement.

**B. BENEFITS OF RESOLUTION**

10. Resolution of the dispute with ICL-IP will benefit the estates by reducing the overall cost and expenses associated with potential litigation. Litigation with ICL-IP would likely be expensive relative to the amount in dispute, as it would require the Trustee to pay a contingency fee on a relatively straight forward preference action. The proposed settlement is in the best interest of the Debtor's estate. The Trustee requests entry of an Order approving the Settlement Agreement.

## RELIEF REQUESTED AND SUPPORTING AUTHORITY

11. Pursuant to the foregoing, the Trustee respectfully requests entry of an order approving the Settlement Agreement and authorizing the parties to take any and all necessary and appropriate actions necessary to consummate the Parties Settlement Agreement.

12. The Fifth Circuit has supplemented the provisions of Bankruptcy Rule 9019 to require, as a condition to approval of a settlement, that the settlement is "fair and equitable and in the best interest of the estate."[7]

13. To aid in such assessment, the Fifth Circuit has further instructed courts to consider the following three factors:

    a. The probability of success in the litigation, with due consideration for the uncertainty in fact and law;

    b. The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

---

[7] *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F. 2d 599, 602 (5th Cir. 1980); *see also Connecticut General Life Ins. Co. v. United Companies Fin. Corp (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995).

  c. All other factors bearing on the wisdom of the compromise.[8]

14. <u>Probability of Success</u>. In relation to the probability of success in the litigation, courts have held it is unnecessary to conduct a mini-trial on the various claims and defenses to be resolved under the settlement. "The judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision."[9] The Trustee believes the probability of success in pursuing an objection to amounts relating to the preference is high, but would require some discovery. The litigation may also prove costly, potentially requiring the retention of experts relating to the ordinary course of business defense. Moreover, the Trustee would need to engage special litigation counsel, adding a contingency fee on top of any damage award.

15. <u>Complexity, Duration and Expense</u>. A duty exists "to conserve the assets of the estate to the extent possible where … there are finite assets available to fund the cost of litigation."[10] As explained by the Fifth Circuit Court of Appeals, "compromises are a normal part of the process of reorganization, oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly."[11] As explained above, the cost to pursue the preference complaint is not in line with the requisite benefit. The Trustee estimates that attorneys' fees and other expenses could be significant.

16. Finally, as for all other factors bearing on the wisdom of the compromise, at least

---

[8] *Foster Mortgage Corp.,* 68 F.3d at 917.
[9] *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop., Inc.*), 119 F.3d 349, 356 (5th Cir. 1997) (quoting *La Salle Nat'l Bank v. Holland (In re American Reserve Corp.*), 841 F.2d 159, 163 (7th Cir. 1987)).
[10] *Monus v. Lambros,* 286 B.R. 629, 638 (N.D. Ohio 2002), aff'd, 63 Fed. App'x 215 (6th Cir. 2003) (quoting *In re Lee Way Holding Co.*, 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990)).
[11] *Cajun Elec.*, 119 F.3d at 354 (quoting *Jackson Brewing Co.*, 624 F.2d at 602).

two other factors are utilized in this Circuit: (a) the best interests of the creditors, with proper deference to their reasonable views; and (b) the extent to which the settlement is truly the product of arms-length bargaining, and not fraud or collusion.[12]

17. The Trustee, in exercise of his sound business judgment, has determined the Settlement Agreement is supported by each of the above factors, and is, therefore, fair and equitable and in the best interests of the Debtor, its bankruptcy estate, and its creditors.

18. As summarized above and set forth more fully in the Settlement Agreement, ICL-IP and the Trustee reached an agreement that resolves their dispute. The settlement thus eliminates future costs and uncertainties of litigation; resolves any and all claims from ICL-IP against the Anchor estate, thus directly benefiting Anchor's creditors. Moreover, there is inherent uncertainty with respect to the final outcome of the litigation.

19. The proposed Settlement Agreement is the product of arm's-length negotiations between unrelated parties in adversarial postures. Accordingly, the Trustee submits that the Parties' good faith in proposing same to this Court is unassailable.

20. Considering the foregoing, the Trustee reasonably believes the proposed Settlement Agreement is fair and equitable and is in the best interests of the Anchor estate. Accordingly, the Trustee requests that the Settlement Agreement be approved by the Court pursuant to Bankruptcy Rule 9019.

WHEREFORE, the Trustee respectfully requests this Court enter an Order: (i) granting this Motion; (ii) approving and authorizing the Trustee, on behalf of Anchor, to enter into the Settlement Agreement, in the form attached hereto; (iii) and grant the Trustee such other and further relief to which it may be justly entitled.

---

[12] See *Cajun Elec.*, 119 F.3d at 356, 358; see also *Foster Mortgage Corp.*, 68 F.3d at 917.

Dated: August 2, 2022

        Respectfully submitted,

        **CHAMBERLAIN, HRDLICKA, WHITE,**
            **WILLIAMS & AUGHTRY, P.C.**

By: /s/ Jarrod B. Martin
    Jarrod B. Martin
    Texas Bar No. 24070221
    Tara T. LeDay
    Texas Bar No. 24106701
    1200 Smith Street
    Suite 1400
    Houston, Texas 77002
    D: 713.658.1818
    F: 713.658.2553
    E: jarrod.martin@chamberlainlaw.com
       tara.leday@chamberlainlaw.com

*Counsel for Christopher R. Murray,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 2, 2022, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first class mail via the attached service list.

        */s/ Jarrod B. Martin*
        Jarrod B. Martin