# Exhibit A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("**Agreement**") is made this ____ day of August, 2022, by and between Christopher R. Murray, the Chapter 7 Trustee ("**Trustee**") for Q'Max America, Inc. ("**Q'Max**") and Anchor Drilling Fluids USA, LLC ("**Anchor**") (collectively, "**Debtors**") and ICL-IP America Inc. ("**ICL-IP**") (together, the "**Parties**"), as follows:

**WHEREAS**, on May 24, 2020 ("**Petition Date**"), the Debtors commenced their voluntary Chapter 7 cases under Bankruptcy Case Nos. 20-60030 and 20-60031 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("**Bankruptcy Case**");[1] and

**WHEREAS**, in accordance with his authority, on March 30, 2022 the Trustee sent demand to ICL-IP to recover payments made by Anchor within the 90 days prior to the Petition Date which the Trustee asserted are avoidable under Chapter 5 of Title 11 of the United States Code ("**Trustee's Demand**"), along with other claims; and

**WHEREAS**, ICL-IP denies the material allegations in the Trustee's Demand; and

**WHEREAS**, the Parties desire to compromise and resolve the Trustee's Demand without resorting to further litigation and intend the terms and conditions of their agreement be set forth in this Agreement;

**WHEREAS**, it is expressly understood and agreed that the terms of this Agreement are contractual and not merely recitals and that the agreements and stipulations contained in this Agreement, and the consideration exchanged, are to compromise all disputes associated with the

---

[1] Debtor's bankruptcy cases are jointly consolidated under Case No. 20-60030, In the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE – ICL-IP**                                                                                   **PAGE | 1**

Trustee's Demand between the Parties, and that no payments made nor releases or other consideration given shall be construed as an admission of liability on the part of any Party; and

**WHEREAS**, in order to avoid the uncertainty, expense and delay of litigation, and potential future litigation, the Parties wish to resolve the referenced disputes as set forth herein;

**NOW THEREFORE**, in consideration of the foregoing and hereinafter stated covenants and agreements, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the referenced disputes between the Parties are hereby settled and resolved as follows:

1. **Consideration.** ICL-IP shall pay $150,000 to the Trustee ("**Settlement Payment**") by check made payable to "Christopher R. Murray, Chapter 7 Trustee" and delivered to Jarrod Martin, CHAMBERLAIN HRDLICKA, 1200 Smith Street, Suite 1400, Houston, Texas 77002. ICL-IP shall deliver the Settlement Payment to the Trustee by no later than ten (10) days after the later of the following: (a) receipt by ICL-IP's counsel of the fully signed Agreement and an IRS Form W-9 completed by the payee of the Settlement Payment; and (b) the entry of a final order of the Court approving this Agreement. Time is of the essence in payment of the Settlement Payment to the Trustee.

2. **Release by Trustee/Anchor.** Effective upon receipt by the Trustee of the executed Agreement and the Settlement Payment in good funds, the Trustee, on his own behalf in his capacity as Trustee and on behalf of Anchor and the Anchor's bankruptcy estate, shall be deemed to have released and discharged ICL-IP and its respective subsidiaries, affiliates, managed entities, directors, officers, employees, attorneys, advisors, agents, successors and assigns from all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown), whether known

or unknown that have been asserted or could have been asserted against ICL-IP stemming from or relating to the Trustee's Demand, Anchor or Anchor's bankruptcy estate, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes and/or the use of any released claim as a defense to any claim; provided, nothing contained herein, however, shall act as or constitute a release of the rights of the Trustee or Anchor to enforce this Agreement.

3.  **Release by ICL-IP**.  ICL-IP and its respective agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, representatives, and successors, does hereby release the Trustee, Anchor and its bankruptcy estate, and its agents, assigns, attorneys, directors, employees, insurers, representatives, of and from any and all damages, claims, demands, liabilities, penalties, legal, equitable, and administrative relief, interests, rights and causes of action, whether known or unknown, that have been or could have been relating to the facts alleged in the Trustee's Demand and/or the Anchor bankruptcy case; provided nothing contained herein, however, shall act as or constitute: (a) a release of the rights of ICL-IP to enforce this Agreement; (b) a release of any claims ICL-IP may have against any non-debtor third parties or their representatives; or (c) a release of ICL-IP's right to file and receive distribution on a proof of claim in the amount of the Settlement Payment pursuant to Bankruptcy Code Section 502(h).

4.  **No Assignment of Claims.**  Each of the Parties represents and warrants to the other that it is the sole and lawful owner of all right, title, and interest in and to every claim and cause of action and other matter to be released pursuant to this Agreement, and that it has not heretofore assigned or transferred or purported to assign or transfer, to any person or entity, any of the claims, causes of action and/or other matters released pursuant to this Agreement.

5. **Court Approval.**  This Agreement is subject to Bankruptcy Court approval. The Settlement Payment, to the extent paid before Bankruptcy Court approval, shall be held in trust by the Trustee until such time as the Court enters an order approving this Agreement. Notwithstanding anything herein to the contrary, in the event the Court denies approval of this Agreement, the Trustee shall return the Settlement Payment to ICL-IP, and this Agreement shall be deemed null and void and no legal or evidentiary effect.

6. **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All Parties declare, represent, warrant, and acknowledge that no promise, inducement or agreement not herein expressed has been made to them and that this Agreement contains the entire agreement between them.

7. **No Admissions.**  It is expressly understood and agreed that this Agreement has been entered into to settle a dispute, and ICL-IP does not admit liability of any type, but instead denies any and all liability regarding the claims asserted in the Trustee's Demand.  This Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability by any of the Parties.

8. **Representation by Counsel; Attorneys' Fees and Costs.**  ICL-IP acknowledges that it has had the right to representation by an attorney of its own choosing and that Chamberlain Hrdlicka has acted solely as counsel for the Trustee.  Each Party to this Agreement will pay its own costs and attorneys' fees with respect to the Trustee's Demand.  Should any Party have to file suit to enforce this Agreement, however, such Party may recover legal fees incurred in connection with such suit.

9. **Modification and/or Waiver.**  No change or modification of this Agreement shall be valid or binding upon the Parties hereto unless such change or modification is in writing and

signed by all of the Parties hereto.  No waiver of any of the terms or provisions herein shall be valid unless signed by the Party against whom such waiver is asserted.

10. **Multiple Originals.**  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. This Agreement may be executed by a telecopy or facsimile signature.

11. **Choice of Law**.  This Agreement, and the relationship between the Parties arising from this Agreement, shall be governed by the laws of the State of Texas, including the relevant conflict of law provisions.

12. **Savings Clause.**  Any provision of this Agreement that is prohibited by law shall be ineffective to the extent of such prohibition without invalidating the remaining provisions of this Agreement.

13. **Headings**.  The headings/titles of the paragraphs of this Agreement are included for reference only and do not control, effect or modify the text of this Agreement.

Executed on this the _____ day of July, 2022.

| | |
|---|---|
| **Christopher R. Murray,** **Chapter 7 Trustee for Debtors, Anchor Drilling Fluids USA, LLC and Q'Max America, Inc.** | **ICL-IP America Inc.**  By: _____ Name: _____ Its: _____  By: _____ Name: _____ Its: _____ |