IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'Max America, Inc., *et al* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH VINSON & ELKINS LLP**

Pursuant to Bankruptcy Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **PLEASE NOTE PURSUANT TO GENERAL ORDERS 2020–20, 2021–5, 2021-8, PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. TO ACCESS THE HEARING, DIAL 1 (832) 917-1510. CONFERENCE CODE: 590153.**
>
> **PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE INTERNET SITE IS HTTPS://WWW.GOTOMEET.ME/JUDGELOPEZ.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Christopher Murray, in his capacity as the duly appointed chapter 7 trustee ("Trustee") for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

the bankruptcy estates of Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC respectfully submits this *Trustee's Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Compromise and Settlement with Vinson & Elkins LLP* ("Motion"), and in support hereof, respectfully states as follows:

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This Motion is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory and procedural bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 363(f) of the Bankruptcy Code,[2] Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure,[3] and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas ("BLR").

3. Venue is proper in pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court with respect to this Motion. Requests for authority to compromise disputes under Rule 9019 have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[4] In the alternative, a request for authority to compromise under Rule 9019 is an essential bankruptcy matter, triggering the "public rights" exception.[5]

## PRELIMINARY STATEMENT: SUMMARY OF SETTLEMENT

4. Trustee has reached a settlement with Vinson & Elkins LLP ("V&E"). The factual

---

[2] Any reference to "Code" or "Bankruptcy Code" is a reference to Title 11 of the United States Code, and any reference to "Section" or "§" refers to the corresponding section in Title 11, unless stated otherwise.
[3] Any reference to "Rules" or "Bankruptcy Rules" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.
[4] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).).
[5] *See id.*

recitations in this Motion are solely those of the Trustee and are not adopted by V&E. The Trustee sued to recover $486,000 in alleged fraudulent transfers and $36,000 in alleged preferential transfers to V&E. The transfers were payments of fees. The Trustee alleges that V&E provided the services to a third-party Pareto Securities Inc. V&E asserts that its services provided indirect benefits to the Debtors. V&E also argues that the alleged preferences were made in the ordinary course of business.

5. The Trustee has conferred with counsel, reviewed the information provided by V&E, and negotiated resolution of his claims at arm's length. The Trustee seeks authority to settle all claims between the parties for payment from V&E to the QAI estate of $10,000.00 ("Settlement Amount"). The Trustee in his business judgment, and based on the unique facts related to the transfers, and in light of the substantial litigation risk for claims of this nature, has determined that the proposed settlement is fair, reasonable and in the best interest of the estates and their creditors.

## RELEVANT BACKGROUND[6]

A. THE CHAPTER 7 CASES AND THE V&E LAWSUIT

6. On May 24, 2020 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, commencing the jointly administered Cases.

7. On May 24, 2020, the United States Trustee appointed the Trustee.

8. On May 23, 2022, Trustee filed suit, in the United States District Court for the Southern District of Texas, against V&E seeking to recover transfers made to V&E by QAI pursuant to Sections 547 and 548 of the Code, and under the Texas Uniform Fraudulent Transfer Act.

---

[6] The recitals are solely those of the Trustee and not necessarily adopted by V&E.

9. Pre-petition, V&E provided legal services to Pareto Securities Inc. Pareto Securities Inc. had an arrangement with QSI that QSI would pay for the legal services provided by V&E in connection with efforts to raise capital. The legal fees were paid out of QAI's accounts. The Trustee asserts that $486,000 in fees paid by QAI were avoidable as fraudulent transfers. As a defense, V&E asserts, among other things, that these services indirectly benefited debtor QAI.

10. Trustee further asserts that $36,000.00 in payments are avoidable as preferences. V&E asserts, among other things, ordinary course of business defenses.

11. Trustee, with the consent of V&E, files this Motion and requests, pursuant to Bankruptcy Rule 9019, approval of the parties' compromise and authority for Trustee to enter into the Settlement Agreement attached as **Exhibit A** ("Settlement Agreement").

B. BENEFITS OF RESOLUTION

12. Resolution of the dispute with V&E will benefit the estates by reducing the overall cost and expenses associated with potential litigation. Litigation with V&E would likely be expensive relative to the amount in dispute. These expenses would include expert witness fees. The proposed settlement is in the best interest of the Debtors' estates. Trustee requests entry of an Order approving the Settlement Agreement.

### RELIEF REQUESTED AND SUPPORTING AUTHORITY

A. THE COMPROMISE UNDER RULE 9019

13. Pursuant to the foregoing, by and through this Motion, Trustee respectfully requests the entry of an order approving the Settlement Agreement and authorizing the Parties to take any and all necessary and appropriate actions necessary to consummate it.

14. The Fifth Circuit has supplemented the provisions of Bankruptcy Rule 9019 to require, as a condition to approval of a settlement, that the settlement is "fair and equitable and in

the best interest of the estate."[7]

15. To aid in such assessment, the Fifth Circuit has further instructed courts to consider the following three factors:

a. The probability of success in the litigation, with due consideration for the uncertainty in fact and law;

b. The complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; and

c. All other factors bearing on the wisdom of the compromise.[8]

16. <u>Probability of Success</u>. In relation to the probability of success in the litigation, courts have held that it is unnecessary to conduct a mini-trial on the various claims and defenses to be resolved under the settlement. "The judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision."[9] While the Trustee believes he might ultimately prevail on the merits, he and his advisors perceive substantial litigation risk in light of the defenses raised by V&E.

17. <u>Complexity, Duration, and Expense</u>. In relation to the complexity, duration, expense, and delay of the litigation factor, a duty exists "to conserve the assets of the estate to the extent possible where . . . there are finite assets available to fund the cost of litigation."[10] As explained by the Fifth Circuit, "compromises are a normal part of the process of reorganization, oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy,

---

[7] *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F. 2d 599, 602 (5th Cir. 1980); *see also Connecticut General Life Ins. Co. v. United Companies Fin. Corp (In re Foster Mortgage Corp.),* 68 F.3d 914, 917 (5th Cir. 1995).
[8] *Foster Mortgage Corp.,* 68 F.3d at 917.
[9] *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop., Inc.*), 119 F.3d 349, 356 (5th Cir. 1997) (quoting *La Salle Nat'l Bank v. Holland (In re American Reserve Corp.*), 841 F.2d 159, 163 (7th Cir. 1987)).
[10] *Monus v. Lambros,* 286 B.R. 629, 638 (N.D. Ohio 2002), aff'd, 63 Fed. App'x 215 (6th Cir. 2003) (quoting *In re Lee Way Holding Co.*, 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990)).

complicated and costly."[11] Here, while the claims are not particularly complex, the unique facts of this case would require costly discovery and investigation leading to a potentially lengthy and fact-intensive trial. Each of these steps could introduce substantial delay and expense to the estate.

18.     *Other factors*. A unique factor in this litigation that the Trustee has weighed is the fact that V&E will not incur any legal fees in defending this matter. Where other defendants may consider such expenses in their settlement calculus, V&E is a sophisticated law firm that is able to represent itself without expending any cash. It creates a litigation posture that makes settlement more difficult and increases the likelihood that this matter would go to trial. This factor weighs in favor of approval of the compromise.

19.     The Trustee, in exercise of his sound business judgment, has determined the Settlement Agreement is supported by each of the above factors, and is, therefore, fair and equitable and in the best interests of the Debtor, its bankruptcy estate, and its creditors.

20.     V&E and Trustee reached an agreement that resolves their dispute. The settlement thus eliminates future costs and uncertainties of litigation, resolves any and all claims between the parties, and thus directly benefits QAI's creditors. Moreover, there is inherent uncertainty with respect to the final outcome of any litigation.

21.     The proposed Settlement Agreement is the product of arms-length negotiations between unrelated parties in adversarial postures. Accordingly, Trustee submits that the parties' good faith in proposing same to this Court is unassailable.

22.     Considering the foregoing, Trustee reasonably believes the proposed Settlement Agreement is fair and equitable and in the best interests of the QAI estate. Accordingly, Trustee requests the Settlement Agreement be approved by the Court pursuant to Bankruptcy Rule 9019.

---

[11] *Cajun Elec.*, 119 F.3d at 354 (quoting *Jackson Brewing Co.*, 624 F.2d at 602).

WHEREFORE, Trustee respectfully requests this Court enter an Order: (i) granting this Motion; (ii) approving and authorizing Trustee, on behalf of Debtors, to enter into the Settlement Agreement, in the form attached hereto; and (iii) granting Trustee such other and further relief to which it may be justly entitled.

Dated: August 24, 2022

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/Nicholas R. Lawson*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Matthew Caldwell
Texas Bar No. 24107722
McDowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Nick.Lawson@mhllp.com
    Avi.Moshenberg@mhllp.com
    Matthew.Caldwell@mhllp.com

***COUNSEL FOR CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE***

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 24, 2022, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and served upon all parties listed on the attached Service List by no later than the next day after the filing in accordance with Bankruptcy Local Rule 9013-1(f).

*/s/Nicholas R. Lawson*
Nicholas R. Lawson

## MASTER SERVICE LIST

| **DEBTORS:** | **REPRESENTED BY:** |
|---|---|
| Q'MAX AMERICA, INC.<br>11700 KATY FWY., SUITE 200<br>HOUSTON, TX 77079<br><br>ANCHOR DRILLING FLUIDS USA, LLC<br>11700 KATY FWY., SUITE 200<br>HOUSTON, TX 77079 | JOHN F HIGGINS, IV<br>PORTER HEDGES LLP<br>1000 MAIN, SUITE 3600<br>HOUSTON, TX 77002-6336 |
| **TRUSTEE:** | **REPRESENTED BY:** |
| CHRISTOPHER R MURRAY<br>JONES MURRAY & BEATTY LLP<br>4119 MONTROSE BOULEVARD<br>SUITE 230<br>HOUSTON, TX 77006 | JARROD B. MARTIN<br>CHAMBERLAIN HRDLICKA<br>1200 SMITH STREET, SUITE 1400<br>HOUSTON, TX 77002 |

*U.S. TRUSTEE*
US TRUSTEE
OFFICE OF THE US TRUSTEE
515 RUSK, SUITE 3516
HOUSTON, TX 77002

**TOP TWENTY CREDITORS**

CIMBAR WV
ATTENTION: STACY TOMBLIN
49-0 JACKSON LAKE ROAD
CHATSWORTH, GA 30705

IEP MINERALS, LLC
ATTENTION: DIEGO GONZALEZ
101 NORTH VAL VERDE RD
DONNA, TX 78537

INGEVITY CORPORATION
ATTENTION: JAMES KLEIN
PO BOX 743657
ATLANTA, GA 30374

AGRI-EMPRESA, LLC
ATTENTION: ERIC TABB
6001 WEST INDUSTRIAL
MIDLAND, TX 79706

CIMBAR PERFORMANCE MINERALS
49-0 JACKSON LAKE ROAD
CHATSWORTH, GA 30705

BAKER HUGHES
ATTENTION: WILLIAM RAY
PO BOX 301057
DALLAS, TX 75303

ROYAL LOGISTICS
ATTENTION: MARTIN BENAVIDES
C/O CORNERSTONE FUNDING
24 SMITH ROAD
MIDLAND, TX 79705

TIGER CALCIUM, INC
ATTENTION: GARY MAHURA
603 15TH AVE
NISKU, AB   T9E 7M6

HILL BROTHERS CHEMICAL A
ATTENTION: LISA COSIO
1675 N MAIN STREET
ORANGE, CA 92867

FEDERAL WHOLESALE DRIG MUD
ATTENTION: DON BURELL
PO BOX 732135
DALLAS, TX  75373

ELEMENTIS SPECIALTIES, INC
ATTENTION: TIMOTHY STUPAK
1577 MOMEMTUM PLACE
CHICAGO, IL  60689

EXCALIBAR MINERALS LLC
ATTENTION: MARK BROOKS
PO BOX 973693
DALLAS, TX  75397

JOSEPH'S ENERGY, LLC
ATTENTION: ALLISON WETZEL
170 BROADWAY STREET
IRONDALE, OH  43932

UV LOGISTICS
ATTENTION: KEN DOSS
PO BOX 975357
DALLAS, TX  75397

CHEMSOL, LLC
601 CARLSON PKWY  #400
HOPKINS, MN 55305

HSBC BANK CANADA
PO BOX 4283 PT STN A;
C/O TH1057U
TORONTO, ON M5W 5W6

AMERICAN REFINING GROUP, INC
ATTENTION: ED PATRICK
PO BOX 644811
PITTSBURGH, PA  15264

CHESAPEAKE ENERGY CORPORATION
ATTENTION: CHRISTINA KEIM
P.O. BOX 18496
OKLAHOMA CITY, OK  73154

PAUL, WEISS, RIFKIND, WHARTON & GARRISON
ATTENTION: NEIL GOLDMAN
1285 AVENUE OF THE AMERICAS
NEW YORK, NY  10019

PRICEWATERHOUSECOOPERS LLP
ATTENTION: MICHAEL SALAZAR-MEDINA
PO BOX 952282
DALLAS, TX  75395-2282

MYERS WELL SERVICE INC
ATTENTION: VINCE AZZOLINA
2001 BALLPARK COURT
EXPORT, PA  15632

BRI-CHEM SUPPLY CORP
ATTENTION: JASON THEISS
DEPT 3064
DALLAS, TX  75312

## INTERNAL REVENUE SERVICE

INTERNAL REVENUE SERVICE
1919 SMITH ST
STOP 5022HOU
HOUSTON, TX 77002

IRS – SPECIAL PROCEDURES II
1919 SMITH STREET, STOP 5025HOU
HOUSTON, TX 77002

IRS – U.S. ATTORNEY
1000 LOUISIANA STREET, SUITE 2300
HOUSTON, TX 77002-5010

IRS – U.S. ATTORNEY GENERAL
10TH & CONSTITUTION, NW
WASHINGTON, DC 20530-0001

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
BANKRUPTCY & COLLECTIONS DIVISION
P. O. BOX 12548- MC 008
AUSTIN, TEXAS 78711-2548

**PARTIES REQUESTING NOTICE**

COUNSEL FOR HSBC
LOUIS R. STRUBECK, JR.
NORTON ROSE FULBRIGHT LLP
2200 ROSS AVENUE
DALLAS, TEXAS  75201-7932

COUNSEL FOR ENCINA
KYUNG S LEE
KYUNG S LEE PLLC
909 FANNIN, SUITE 3700
HOUSTON, TX 77010

JAMES KATCHADURIAN
450 LEXINGTON AVENUE
4TH FLOOR
NEW YORK, NY 10017

JAMES KATCHADURIAN
4801 WOODWAY DRIVE
SUITE 300 EAST
HOUSTON, TX 77056

COUNSEL FOR ROYAL LOGISTICS
KELLY, MORGAN, DENNIS, CORZINE & HANSEN, P.C.
PO BOX 1311
ODESSA, TX 79760-1311

DON STECKER
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
112 E. PECAN STREET, SUITE 2200
SAN ANTONIO, TX 78205

THOMAS W. SANKEY
DUANE MORRIS LLP
1330 POST OAK BOULEVARD
SUITE 800
HOUSTON, TX 77056-3166

CAMERON J. ASBY
DUANE MORRIS LLP
1330 POST OAK BOULEVARD
SUITE 800
HOUSTON, TX 77056-3166

JOEL M. WALKER
DUANE MORRIS LLP
600 GRANT STREET, SUITE 5010
PITTSBURG, PA 15219-2802

RICHARD A. AGUILAR
MCGLINCHEY STAFFORD, PLLC
601 POYDRAS STREET, 12TH FLOOR
NEW ORLEANS, LA 70130

RUDY J. CERONE, ESQ.
MCGLINCHEY STAFFORD, PLLC
601 POYDRAS STREET, 12TH FLOOR
NEW ORLEANS, LA 70130

MARK J. CHANEY, III, ESQ.
MCGLINCHEY STAFFORD, PLLC
601 POYDRAS STREET, 12TH FLOOR
NEW ORLEANS, LA 70130

MATTHEW HINKER
O'MELVENY & MYERS LLP
TIMES SQUARE TOWER
7 TIMES SQUARE

NANCY MITCHELL
O'MELVENY & MYERS LLP
TIMES SQUARE TOWER
7 TIMES SQUARE
NEW YORK, NEW YORK 10036

TOM A. HOWLEY
HOWLEY LAW PLLC
PENNZOIL PLACE – SOUTH TOWER
711 LOUISIANA ST., SUITE 1850
HOUSTON, TEXAS 77002

ERIC TERRY
HOWLEY LAW PLLC
PENNZOIL PLACE – SOUTH TOWER
711 LOUISIANA ST., SUITE 1850
HOUSTON, TEXAS 77002

KYUNG S. LEE PLLC
KYUNG S. LEE
4723 OAKSHIRE DRIVE, APT. B
HOUSTON, TEXAS 77027

DONALD E. ROTHMAN
RIEMER & BRAUNSTEIN LLP
100 CAMBRIDGE STREET, 22ND FLOOR
BOSTON, MASSACHUSETTS 02114-2527

BRENDAN C. RECUPERO
RIEMER & BRAUNSTEIN LLP
100 CAMBRIDGE STREET, 22ND FLOOR
BOSTON, MASSACHUSETTS 02114-2527

LOUIS R. STRUBECK, JR.
NORTON ROSE FULBRIGHT US LLP
2200 ROSS AVENUE, SUITE 3600
DALLAS, TEXAS 75201-7932

HOWARD GORMAN QC
NORTON ROSE FULBRIGHT CANADA LLP
400 3RD AVENUE SW, SUITE 3700
CALGARY ALBERTA T2P 4H2 CANADA

JULIE GOODRICH HARRISON
NORTON ROSE FULBRIGHT US LLP 1301
MCKINNEY STREET, SUITE 5100 HOUSTON,
TEXAS 77010-3095

TIMOTHY A. MILLION
HUSCH BLACKWELL LLP
600 TRAVIS ST., SUITE 2350
HOUSTON TX 77002

ALEX TERRAS
HUSCH BLACKWELL LLP
120 SOUTH RIVERSIDE PLAZA, SUITE 2200
CHICAGO, IL 60606

MICHAEL URYASZ
GREAK, URYASZ & BRUENING, P.C.
8008 SLIDE ROAD, SUITE 30
LUBBOCK, TEXAS 79424-2828

KENNETH P GREEN
SNOW SPENCE GREEN LLP
2929 ALLEN PARKWAY, SUITE 2800
HOUSTON, TX 77019

AMBER L. JAMES
JAMES FIRM, PLLC
1316 5TH AVENUE
FORT WORTH, TEXAS 76104

DANIELLE MASHBURN-MYRICK
PHELPS DUNBAR LLP
101 DAUPHIN STREET, SUITE 1000
P.O. BOX 2727
MOBILE, AL 36652

KIRAN A. PHANSALKAR
CONNER & WINTERS, LLP
1700 ONE LEADERSHIP SQUARE
211 N. ROBINSON AVE.
OKLAHOMA CITY, OK 73102

RAFAEL DIAZ-GRANADOS, PRESIDENT & CEO
Q'MAX AMERICA, INC. AND ANCHOR
DRILLING FLUIDS USA, LLC
11700 KATY FREEWAY, SUITE 200
HOUSTON, TX 77079

ERIC GLOVER, CHIEF FINANCIAL OFFICER
Q'MAX AMERICA, INC. AND ANCHOR
DRILLING FLUIDS USA, LLC
11700 KATY FREEWAY, SUITE 200
HOUSTON, TX 77079

CELINA CARTER, GENERAL COUNSEL
Q'MAX AMERICA, INC. AND ANCHOR
DRILLING FLUIDS USA, LLC
11700 KATY FREEWAY, SUITE 200
HOUSTON, TX 77079

MARK E. GOLMAN
3710 RAWLINS STREET, SUITE 1420
DALLAS, TX 75219

THERESA MOBLEY
CAGE, HILL & NIEHAUS, L.L.P.
5851 SAN FELIPE, SUITE 950
HOUSTON, TEXAS 77057

JOSEPH M. HILL
CAGE, HILL & NIEHAUS, L.L.P.
5851 SAN FELIPE, SUITE 950
HOUSTON, TEXAS 77057

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
ATTENTION: DIANE W. SANDERS
PO BOX 17428
AUSTIN, TX 78760-7428

RICHARD D. SCHELL
LAW OFFICES OF RICHARD D. SCHELL
1801 S. 2ND ST., SUITE 460
MCALLEN, TX 78503

STEVENS & LEE, P.C.
ATTN: CONSTANTINE D. POURAKIS
485 MADISON AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10022

JONATHAN S. HAWKINS
THOMPSON HINE LLP
DISCOVERY PLACE
10050 INNOVATION DR. #400
MIAMISBURG, OH 45432

STEPHANIE BRAVIERI
BRENNAN STEIL S.C.
1 E MILWAUKEE STREET
JANESVILLE, WI  53545

CHRYSANTHE E. VASSILES
BLACK, MCCUSKEY, SOUERS & ARBAUGH, LPA
220 MARKET AVE., SOUTH, SUITE 1000
CANTON, OH 44702

TARA L. GRUNDEMEIER
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
PO BOX 3064HOUSTON, TX 77253-3064

LARRY CHEK
PALMER LEHMAN SANDBERG, PLLC
8350 N. CENTRAL EXPRESSWAY, SUITE 1111
DALLAS, TEXAS 75206

ARTHUR M. STANDISH
STEPTOE & JOHNSON PLLC
1780 HUGHES LANDING BLVD. SUITE 750
THE WOODLANDS, TX 77380

AARON M. GUERRERO
SNOW SPENCE GREEN LLP
2929 ALLEN PARKWAY, SUITE 2800
HOUSTON, TX 77019

CHAD S. CABY
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17TH STREET, SUITE 3000
DENVER, CO 80202

DEMETRI J. ECONOMOU
KANE RUSSELL COLEMAN LOGAN PC
5051 WESTHEIMER ROAD, SUITE 1000
HOUSTON, TEXAS 77056

ERIC M. VAN HORN
SPENCER FANE LLP
2200 ROSS AVENUE, SUITE 4800 WEST
DALLAS, TX 75201

MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
TARA LEDAYTARA LEDAY
P.O. BOX 1269
ROUND ROCK, TEXAS 78680

LAURA J. MONROE
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
P.O. BOX 817
LUBBOCK, TX 79408

MELISSA E. VALDEZ
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
1235 NORTH LOOP WESTSUITE 600HOUSTON, TX 77008

AMEY L. VOGE
JOSH ROHE
BANK OF AMERICA PLAZA
901 MAIN STREET, SUITE 610
DALLAS, TX 75202

SHELLEY BUSH MARMON
CRADY JEWETT MCCULLEY & HOUREN LLP
2727 ALLEN PARKWAY, SUITE 1700
HOUSTON, TEXAS 77019