IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'Max America, Inc., *et al* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH SNF INC.**

Pursuant to Bankruptcy Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **PLEASE NOTE PURSUANT TO GENERAL ORDERS 2020–20, 2021–5, 2021-8, PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. TO ACCESS THE HEARING, DIAL 1 (832) 917-1510. CONFERENCE CODE: 590153.**
>
> **PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE INTERNET SITE IS HTTPS://WWW.GOTOMEET.ME/JUDGELOPEZ.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Christopher Murray, in his capacity as the duly appointed chapter 7 trustee ("Trustee") for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

the bankruptcy estates of Q'Max America, Inc. ("QAI") and Anchor Drilling Fluids USA, LLC ("Anchor") respectfully submits this *Trustee's Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Compromise and Settlement with SNF Inc.,* ("Motion"), and in support hereof, respectfully states as follows:

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This Motion is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory and procedural bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 363(f) of the Bankruptcy Code,[2] Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure,[3] and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas ("BLR").

3. Venue is proper in pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court with respect to this Motion. Requests for authority to compromise disputes under Rule 9019 have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[4] In the alternative, a request for authority to compromise under Rule 9019 is an essential bankruptcy matter, triggering the "public rights" exception.[5]

## PRELIMINARY STATEMENT: SUMMARY OF SETTLEMENT

4. Trustee has reached a settlement with SNF Inc. ("SNF"). The factual recitations in

---

[2] Any reference to "Code" or "Bankruptcy Code" is a reference to Title 11 of the United States Code, and any reference to "Section" or "§" refers to the corresponding section in Title 11, unless stated otherwise.
[3] Any reference to "Rules" or "Bankruptcy Rules" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.
[4] *See In re Carlew,* 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).).
[5] *See id.*

this Motion are solely those of the Trustee and are not adopted by SNF.

5. Trustee asserts that certain transfers in an amount not less than $617,931.30 made to SNF by Debtor QAI are avoidable pursuant to sections 547 and 548 of the Code, and under the Texas Uniform Fraudulent Transfer Act.

6. The Trustee has conferred with counsel, reviewed the information provided by SNF, and negotiated resolution of his claims at arm's length. The Trustee seeks authority to settle all claims between the parties for payment from SNF to the estate of Debtor QAI in the amount of $29,042.10 ("Settlement Amount"). The Trustee, in his business judgment, and in light of the substantial risk of litigation for claims of this nature, has determined the proposed settlement is fair, reasonable, and in the best interest of the estate and its creditors.

## RELEVANT BACKGROUND[6]

### A. THE CHAPTER 7 CASES

7. On May 24, 2020 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, commencing the jointly administered Cases.

8. On May 24, 2020, the United States Trustee appointed the Trustee.

9. On May 23, 2022, Trustee filed suit in the United States District Court for the Southern District of Texas, case number 4:22-cv-01661, seeking to recover transfers, made to SNF by Debtor QAI, pursuant to Sections 547 and 548 of the Code, and under the Texas Fraudulent Transfer Act. On July 27, 2022, this case was referred to this Court and assigned adversary

---

[6] The recitals are solely those of the Trustee and not necessarily adopted by SNF.

proceeding number 22-06053.

10. Trustee asserts that certain avoidable transfers, in an amount not less than $617,931.30, were made to SNF, which transfers are recoverable under sections 547 and 548 of the Code, and under the Texas Uniform Fraudulent Transfer Act.

11. Trustee, with the consent of SNF, files this Motion and requests, pursuant to Bankruptcy Rule 9019, approval of the parties' compromise and authority for Trustee to enter into the Settlement Agreement attached as **Exhibit A** ("Settlement Agreement").

B. **BENEFITS OF RESOLUTION**

12. Resolution of the dispute with SNF will benefit the estates by reducing the overall cost and expenses associated with potential litigation. Litigation with SNF would likely be expensive relative to the amount in dispute. The proposed settlement is in the best interest of the Debtors' estates. Trustee requests entry of an Order approving the Settlement Agreement.

## RELIEF REQUESTED AND SUPPORTING AUTHORITY

A. **THE COMPROMISE UNDER RULE 9019**

13. Pursuant to the foregoing, by and through this Motion, Trustee respectfully requests the entry of an order approving the Settlement Agreement and authorizing the Parties to take any and all necessary and appropriate actions necessary to consummate it.

14. The Fifth Circuit has supplemented the provisions of Bankruptcy Rule 9019 to require, as a condition to approval of a settlement, that the settlement is "fair and equitable and in the best interest of the estate."[7]

15. To aid in such assessment, the Fifth Circuit has further instructed courts to

---

[7] *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F. 2d 599, 602 (5th Cir. 1980); *see also Connecticut General Life Ins. Co. v. United Companies Fin. Corp (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995).

consider the following three factors:

    a. The probability of success in the litigation, with due consideration for the uncertainty in fact and law;

    b. The complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; and

    c. All other factors bearing on the wisdom of the compromise.[8]

16.    <u>Probability of Success</u>. In relation to the probability of success in the litigation, courts have held that it is unnecessary to conduct a mini-trial on the various claims and defenses to be resolved under the settlement. "The judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision."[9] Trustee believes the probability of success in pursuing an objection to amounts relating to preferences are high but would require discovery. The litigation could also prove costly, potentially requiring the retention of experts.

17.    <u>Complexity, Duration, and Expense</u>. In relation to the complexity, duration, expense, and delay of the litigation factor, a duty exists "to conserve the assets of the estate to the extent possible where . . . there are finite assets available to fund the cost of litigation."[10] As explained by the Fifth Circuit, "compromises are a normal part of the process of reorganization, oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly."[11] As explained above, the cost to pursue Trustees claims is not in line with the requisite benefit. Trustee estimates that attorneys' fees and other expenses would likely be

---

[8] *Foster Mortgage Corp.,* 68 F.3d at 917.
[9] *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop., Inc.*), 119 F.3d 349, 356 (5th Cir. 1997) (quoting *La Salle Nat'l Bank v. Holland (In re American Reserve Corp.*), 841 F.2d 159, 163 (7th Cir. 1987)).
[10] *Monus v. Lambros,* 286 B.R. 629, 638 (N.D. Ohio 2002), aff'd, 63 Fed. App'x 215 (6th Cir. 2003) (quoting *In re Lee Way Holding Co.*, 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990)).
[11] *Cajun Elec.*, 119 F.3d at 354 (quoting *Jackson Brewing Co.*, 624 F.2d at 602).

in excess of the amount in controversy.

18.     Finally, as for all other factors bearing on the wisdom of the compromise, at least two other factors are utilized in this Circuit: (a) the best interests of the creditors, with proper deference to their reasonable views; and (b) the extent to which the settlement is truly the product of arms-length bargaining, and not fraud or collusion.[12]

19.     Trustee, in exercise of his sound business judgment, has determined the Settlement Agreement is supported by each of the above factors, and is, therefore, fair and equitable and in the best interests of the Debtor, its bankruptcy estate, and its creditors.

20.     As summarized above and set forth more fully in the Settlement Agreement, SNF and Trustee reached an agreement that resolves their dispute. The settlement thus eliminates future costs and uncertainties of litigation, resolves any and all claims between the parties, and thus directly benefits Debtor Anchor's creditors. Moreover, there is inherent uncertainty with respect to the final outcome of any litigation.

21.     The proposed Settlement Agreement is the product of arms-length negotiations between unrelated parties in adversarial postures. Accordingly, Trustee submits that the parties' good faith in proposing same to this Court is unassailable.

22.     Considering the foregoing, Trustee reasonably believes the proposed Settlement Agreement is fair and equitable and in the best interests of the Anchor estate. Accordingly, Trustee requests the Settlement Agreement be approved by the Court pursuant to Bankruptcy Rule 9019.

WHEREFORE, Trustee respectfully requests this Court enter an Order: (i) granting this Motion; (ii) approving and authorizing Trustee, on behalf of Debtors, to enter into the Settlement

---

[12] See *Cajun Elec.*, 119 F.3d at 356, 358; see also *Foster Mortgage Corp.*, 68 F.3d at 917.

Agreement, in the form attached hereto; and (iii) granting Trustee such other and further relief to which it may be justly entitled.

Dated: September 7, 2022

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Nicholas R. Lawson*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Matthew Caldwell
Texas Bar No. 24107722
McDowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Nick.Lawson@mhllp.com
    Avi.Moshenberg@mhllp.com
    Matthew.Caldwell@mhllp.com

***COUNSEL FOR CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE***

### CERTIFICATE OF SERVICE

The undersigned certifies that on September 7, 2022, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first class mail via the attached service list.

*/s/ Nicholas R. Lawson*
Nicholas R. Lawson