# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made effective this ___ day of September 2022, by and between Christopher R. Murray, the Chapter 7 Trustee ("Trustee") for Q'Max America, Inc. ("QAI") and Anchor Drilling Fluids USA, LLC ("Anchor") (collectively, "Debtors") and SNF Inc. ("SNF") (together, "Parties"), as follows:

**WHEREAS**, on May 24, 2020 ("Petition Date"), Debtors commenced their voluntary Chapter 7 cases under Bankruptcy Case Nos. 20-60030 and 20-60031 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Case");[1] and

**WHEREAS**, in accordance with his authority, on May 23, 2022, Trustee filed suit against SNF seeking to recover payments made by QAI which Trustee asserted are avoidable under sections 547 and 548 of Chapter 5 of Title 11 of the United States Code, along with other claims ("Suit"); and

**WHEREAS**, SNF denies the material allegations in Trustee's Suit; and

**WHEREAS**, the Parties desire to compromise and resolve Trustee's Suit without further litigation and intend the terms and conditions of their agreement be set forth in this Agreement;

**WHEREAS**, it is expressly understood and agreed the terms of this Agreement are contractual and not merely recitals and that the agreements and stipulations contained in this Agreement, and the consideration exchanged, are to compromise all disputes associated with Trustee's Suit between the Parties, and no payments made nor releases or other consideration given shall be construed as an admission of liability on the part of any Party; and

**WHEREAS**, in order to avoid the uncertainty, expense and delay of further litigation, the Parties wish to resolve the referenced disputes as set forth herein;

---

[1] Debtor's bankruptcy cases are jointly administered under Case No. 20-60030, In the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

NOW THEREFORE, in consideration of the foregoing and hereinafter stated covenants and agreements, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the referenced disputes between the Parties are hereby settled and resolved as follows:

1. **Consideration.** SNF shall pay $29,042.10 to Trustee ("Settlement Payment") within 21 days of the receipt by SNF's counsel of the fully signed Agreement. Time is of the essence in payment of the Settlement Payment to the Trustee. In exchange for the Settlement Payment, Trustee agrees to (a) forego pursuing all additional amounts alleged to be owed in Trustee's Suit and (b) the other terms set forth in this Agreement.

2. **Release by Trustee/Debtors.** Effective upon receipt by Trustee of the executed Agreement and the Settlement Payment in good funds, Trustee, on his own behalf and in his capacity as Trustee on behalf of Debtors and Debtors' bankruptcy estates, shall be deemed to have released and discharged SNF and its respective subsidiaries, affiliates, managed entities, directors, officers, employees, attorneys, advisors, agents, successors and assigns of and from any and all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown), that the Trustee, the Debtors and/or the Debtors' estates now have against SNF. Notwithstanding the foregoing, however, nothing contained herein shall constitute (a) a release of the rights of Trustee, the Debtors or the Debtors' estates to enforce this Agreement or (b) a release of any claims that the Trustee, the Debtors or the Debtors' estates may have against any non-party to this Agreement.

3. **Release by SNF.** SNF and its respective agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, representatives, and successors, does hereby release Trustee, Debtors, and the Bankruptcy Estates, and their agents, assigns, attorneys, directors,

employees, insurers, representatives, of and from any and all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown), that SNF now has against the Trustee, the Debtors and/or the Debtors' estates. Notwithstanding the foregoing, however, nothing contained herein shall constitute (a) a release of SNF's right to file a claim under 11 U.S.C. § 502(h) in the amount of the Settlement Payment, (b) a release of the rights of SNF to enforce this Agreement against the Trustee, the Debtors and/or the Debtors' estates, or (c) a release of any claims SNF may have against any non-party to this Agreement.

4. **No Assignment of Claims.** Each of the Parties represents and warrants to the other that it is the sole and lawful owner of all right, title, and interest in and to every claim and cause of action and other matter to be released pursuant to this Agreement, and that it has not heretofore assigned or transferred or purported to assign or transfer, to any person or entity, any of the claims, causes of action and/or other matters released pursuant to this Agreement.

5. **Court Approval.** This Agreement is subject to Bankruptcy Court approval. The Settlement Payment shall be held in trust by Trustee until such time as the Court enters an order approving this Agreement. In the event the Court denies approval of this Agreement, Trustee shall immediately return the Settlement Payment to SNF, and this Agreement shall be deemed null and void.

6. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All Parties declare, represent, warrant, and acknowledge that no promise, inducement, or agreement not herein expressed has been made to them and that this Agreement contains the entire agreement between them.

7.      **No Admissions.** It is expressly understood and agreed this Agreement has been entered into to settle a dispute, and SNF does not admit liability of any type, but instead denies any and all liability regarding the claims asserted in Trustee's Suit. This Agreement shall not be admissible in any judicial, administrative, or other proceeding or cause of action as an admission of liability by any of the Parties.

8.      **Representation by Counsel; Attorneys' Fees and Costs.** SNF acknowledges that it has had the right to representation by an attorney of its own choosing and that McDowell Hetherington has acted solely as counsel for the Trustee. Each Party to this Agreement will pay its own costs and attorneys' fees with respect to Trustee's Suit and this Agreement. The Parties agree that in the event there is any dispute relating to or arising in connection with this Agreement, the aggrieved party shall not be entitled to punitive or consequential damages in connection with any action arising under or in any way related to this Agreement. The Parties further agree that in the event either Party fails to perform as required herein, or either Party otherwise breaches this Agreement, the aggrieved Party shall be permitted to recover from the breaching Party all reasonable expenses incurred by the aggrieved Party in enforcing this Agreement including, without limitation, attorneys' fees, legal expenses and court costs.

9.      **Modification and/or Waiver.** No change or modification of this Agreement shall be valid or binding upon the Parties hereto unless such change or modification is in writing and signed by all of the Parties hereto. No waiver of any of the terms or provisions herein shall be valid unless signed by the Party against whom such waiver is asserted.

10.     **Multiple Originals.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. Facsimile, .pdf, DocuSign or DocVerify, or other electronic

signatures shall be treated in all manner and respects as a binding and original document, and the signature of any Party shall be considered for these purposes as an original signature.

11. **Choice of Law**. This Agreement, and the relationship between the Parties arising from this Agreement, shall be governed by the laws of the State of Texas, including the relevant conflict of law provisions.

12. **Savings Clause.** Any provision of this Agreement that is prohibited by law shall be ineffective to the extent of such prohibition without invalidating the remaining provisions of this Agreement.

13. **Headings**. The headings/titles of the paragraphs of this Agreement are included for reference only and do not control, effect or modify the text of this Agreement.

Executed on September 7, 2022.

**Christopher R. Murray,**
**Chapter 7 Trustee for Debtors,**
**Anchor Drilling Fluids USA, LLC**
**and Q'Max America, Inc.**

_____

**SNF Inc.**

By: _____

Name: Christopher Gannon

Its: General Counsel & Secretary