# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'Max America, Inc., *et al.*,[1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors | § | Jointly Administered |

**DECLARATION OF CHRISTOPHER R. MURRAY IN SUPPORT OF SETTLEMENT**

I, Christopher R. Murray, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am the appointed Trustee[2] for the Debtors' bankruptcy cases.

2. In my capacity as the Trustee, I became generally familiar with the Debtors' day-to-day operations and the matters set forth herein. I am over the age of 18 and authorized to submit this declaration (this "**Declaration**") on behalf of the Debtors' estates in support of the Motion, filed contemporaneously herewith.

3. The Motion seeks entry of an order approving the Settlement and authorizing the Trustee to enter into the Settlement Agreement. The Settlement Agreement effects a global resolution of any and all claims held by any of the Parties related to the TSA.

4. The terms of the Settlement Agreement were negotiated by the Parties, and is the product of good-faith, arm's-length negotiations, and the terms of the Settlement are fair and reasonable.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

[2] Capitalized terms used herein but not defined shall have the same meanings ascribed to such terms as in the *Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Authorizing and Approving the Settlement Agreement by and among the Trustee, KPMG Inc., as receiver of Q'Max Solutions, Inc., Q'Max Acquisition Corp., and Drilling Services, LLC n/k/a Paragon Integrated Services Group, LLC.*

**DECLARATION OF CHRISTOPHER R. MURRAY IN SUPPORT OF SETTLEMENT**　　　　　　　　　　PAGE | 1

5. I believe the Settlement is in the best interest of the Debtors' estates as it resolves any post-closing issues related to the TSA that were unanticipated at the time of entering into the TSA. While I am confident in my position as the Trustee with respect to the TSA, I also understand any litigation arising from the TSA would require an investment of time, cost, and effort, to the detriment of the Debtors' creditors. Additionally, the inherent risk of litigation only furthers my confidence that the Settlement Agreement is appropriate and would harmonize the settlement process contemplated by Rule 9019 of the Bankruptcy Code. The Settlement Agreement provides the Debtors' estates with a comprehensive resolution of the issues relating to the TSA, and eliminates potential overhanging liability that may delay administration of the estates. Thus, it is my business judgment that the Settlement is a favorable outcome for the Debtors' estates and provides certainty in a dispute at a critical juncture when my focus is on finalizing the liquidation of the estates and shifting to claims reconciliation.

6. The Settlement is also in the best interests of the Debtors' creditors, as it removes potential liability from the estates, and avoids litigation where the results would be uncertain.

7. I believe the Settlement is a fair and reasonable compromise and represents a reasonable exercise of my business judgment as trustee of the Debtors' estates.

8. I have read the Motion and I believe the relief requested therein is in the best interest of the Debtors' estates, their creditors, and all parties in interest, and will give an opportunity to resolve disputes in a timely and efficient manner.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 9, 2022

*/s/ Christopher R. Murray*
Christopher R. Murray