# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made effective this ___ day of September 2022, by and between Christopher R. Murray, the Chapter 7 Trustee ("Trustee") for Q'Max America, Inc. ("QAI") and Anchor Drilling Fluids USA, LLC ("Anchor") (collectively, "Debtors") and Marsh USA Inc. ("Marsh") (together, "Parties"), as follows:

**WHEREAS,** on May 24, 2020 ("Petition Date"), Debtors commenced their voluntary Chapter 7 cases under Bankruptcy Case Nos. 20-60030 and 20-60031 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Case");[1] and

**WHEREAS,** in accordance with his authority, on May 22, 2022, Trustee filed suit against Marsh seeking to recover payments made by QAI which Trustee asserted are avoidable under section 547 of Chapter 5 of Title 11 of the United States Code, along with other claims ("Suit"); and

**WHEREAS,** Marsh denies the material allegations in Trustee's Suit; and

**WHEREAS,** the Parties desire to compromise and resolve Trustee's Suit without further litigation and intend the terms and conditions of their agreement be set forth in this Agreement;

**WHEREAS,** it is expressly understood and agreed the terms of this Agreement are contractual and not merely recitals and that the agreements and stipulations contained in this Agreement, and the consideration exchanged, are to compromise all disputes associated with Trustee's Suit between the Parties, and no payments made nor releases or other consideration given shall be construed as an admission of liability on the part of any Party; and

**WHEREAS,** in order to avoid the uncertainty, expense and delay of further litigation, the Parties wish to resolve the referenced disputes as set forth herein;

---

[1] Debtor's bankruptcy cases are jointly administered under Case No. 20-60030, In the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

NOW THEREFORE, in consideration of the foregoing and hereinafter stated covenants and agreements, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the referenced disputes between the Parties are hereby settled and resolved as follows:

1. **Consideration.** Marsh shall pay a total of $40,000.00 to Trustee ("Settlement Payment") within 21 days of Marsh's receipt of the fully executed Agreement. Time is of the essence in payment of the Settlement Payment to the Trustee. In exchange for the Settlement Payment, Trustee agrees to forego pursuing all additional amounts alleged to be owed in Trustee's Suit and to the other terms set forth in this Agreement.

2. **Release by Trustee/Debtors.** Effective upon receipt by Trustee of the executed Agreement and the Settlement Payment in good funds, Trustee, on his own behalf and in his capacity as Trustee on behalf of Debtors and Debtors' bankruptcy estates, shall be deemed to have released and discharged Marsh and its respective subsidiaries, affiliates, managed entities, directors, officers, employees, attorneys, advisors, agents, successors and assigns from all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown), whether known or unknown that have been asserted or could have been asserted against Marsh stemming from or relating to Trustee's Suit, the Debtors or the Bankruptcy Estates, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes and/or the use of any released claim as a defense to any claim; provided, nothing contained herein, however, shall act as or constitute a release of the rights of Trustee or Debtors to enforce this Agreement.

3. **Release by Marsh.** Marsh and its respective agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, representatives, and successors, does hereby

release Trustee, Debtors, and the Bankruptcy Estates, and their agents, assigns, attorneys, directors, employees, insurers, representatives, of and from any and all damages, claims, demands, liabilities, penalties, legal, equitable, and administrative relief, interests, rights and causes of action, whether known or unknown, that have been or could have been relating to the facts alleged in Trustee's Suit and/or the Bankruptcy Cases, including a claim under 502(h) in the amount of the Settlement Payment; provided nothing contained herein, however, shall act as or constitute a release of the rights of Marsh to enforce this Agreement or a release of any claims Marsh may have against any non-debtor third parties or their representatives.

4. **No Assignment of Claims.** Each of the Parties represents and warrants to the other that it is the sole and lawful owner of all right, title, and interest in and to every claim and cause of action and other matter to be released pursuant to this Agreement, and that it has not heretofore assigned or transferred or purported to assign or transfer, to any person or entity, any of the claims, causes of action and/or other matters released pursuant to this Agreement.

5. **Court Approval.** This Agreement is subject to Bankruptcy Court approval. The Settlement Payment shall be held in trust by Trustee until such time as the Court enters an order approving this Agreement. In the event the Court denies approval of this Agreement, Trustee shall return the Settlement Payments to Marsh, and this Agreement shall be deemed null and void.

6. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All Parties declare, represent, warrant, and acknowledge that no promise, inducement, or agreement not herein expressed has been made to them and that this Agreement contains the entire agreement between them.

7. **No Admissions.** It is expressly understood and agreed this Agreement has been entered into to settle a dispute, and Marsh does not admit liability of any type, but instead denies

any and all liability regarding the claims asserted in Trustee's Suit. This Agreement shall not be admissible in any judicial, administrative, or other proceeding or cause of action as an admission of liability by any of the Parties.

8. **Representation by Counsel; Attorneys' Fees and Costs.** Marsh acknowledges that it has had the right to representation by an attorney of its own choosing and that McDowell Hetherington has acted solely as counsel for the Trustee. Each Party to this Agreement will pay its own costs and attorneys' fees with respect to Trustee's Suit. Should any Party have to file suit to enforce this Agreement, however, such Party may recover legal fees incurred in connection with such suit.

9. **Modification and/or Waiver.** No change or modification of this Agreement shall be valid or binding upon the Parties hereto unless such change or modification is in writing and signed by all of the Parties hereto. No waiver of any of the terms or provisions herein shall be valid unless signed by the Party against whom such waiver is asserted.

10. **Multiple Originals.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. This Agreement may be executed by an email, telecopy, or facsimile signature.

11. **Choice of Law.** This Agreement, and the relationship between the Parties arising from this Agreement, shall be governed by the laws of the State of Texas, including the relevant conflict of law provisions.

12. **Savings Clause.** Any provision of this Agreement that is prohibited by law shall be ineffective to the extent of such prohibition without invalidating the remaining provisions of this Agreement.

13. **Headings**. The headings/titles of the paragraphs of this Agreement are included for reference only and do not control, effect or modify the text of this Agreement.

Executed on September 28, 2022.

Christopher R. Murray,
Chapter 7 Trustee for Debtors,
Anchor Drilling Fluids USA, LLC
and Q'Max America, Inc.

_____

Marsh USA Inc.

By: _____
   DocuSigned by:
   Lawrence M. LeHan
   9FF3A538F3E8444...

Name: Lawrence M. LeHan

Its: Secretary