# EXHIBIT A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made effective this 27th day of October 2022, by and between Christopher R. Murray, the Chapter 7 Trustee ("Trustee") for Q'Max America, Inc. ("QAI") and Anchor Drilling Fluids USA, LLC ("Anchor") (collectively, "Debtors") and RSM US LLP ("RSM") (together, "Parties"), as follows:

**WHEREAS**, on May 24, 2020 ("Petition Date"), Debtors commenced their voluntary Chapter 7 cases under Bankruptcy Case Nos. 20-60030 and 20-60031 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Case");[1] and

**WHEREAS**, on May 23, 2022, Trustee filed suit against RSM seeking to recover payments made by QAI which Trustee asserted are avoidable under sections 547 and 548 of Chapter 5 of Title 11 of the United States Code, along with other claims ("Former Suit"); and

**WHEREAS**, RSM denied the material allegations in the Former Suit; and

**WHEREAS**, on July 20, 2022, the Trustee filed his Notice of Voluntary Dismissal without prejudice of claims against RSM in the Former Suit; and

**WHEREAS**, on July 20, 2022, the Parties executed a Tolling Agreement ("Tolling Agreement"), in an attempt to resolve the Trustee's claims against RSM extrajudicially, while still allowing the Parties to preserve any claims, causes of action, defenses, and arguments raised in the Former Suit, which tolled the Trustee's Claims in the Former Suit until October 1, 2022 ("Termination Date"); and

**WHEREAS**, on September 30, 2022, the Parties modified the Tolling Agreement to extend the Termination date from October 1, 2022, to October 31, 2022; and

---

[1] Debtor's bankruptcy cases are jointly administered under Case No. 20-60030, In the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**                                                                 **PAGE | 1**

**WHEREAS**, the Parties desire to compromise and resolve all claims raised, or which could have been raised, in the Trustee's Former Suit, without further litigation and intend the terms and conditions of their agreement be set forth in this Agreement; and

**WHEREAS**, it is expressly understood and agreed the terms of this Agreement are contractual and not merely recitals and that the agreements and stipulations contained in this Agreement, and the consideration exchanged, are to compromise all disputes associated with the Former Suit between the Parties, and no payments made nor releases or other consideration given shall be construed as an admission of liability on the part of any Party; and

**WHEREAS**, in order to avoid the uncertainty, expense and delay of further litigation, the Parties wish to resolve the referenced disputes as set forth herein; and

**NOW THEREFORE**, in consideration of the foregoing and hereinafter stated covenants and agreements, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the referenced disputes between the Parties are hereby settled and resolved as follows:

1. **Consideration.** RSM shall pay a total of $47,000.00 to Trustee ("Settlement Payment") within 21 days of receipt by RSM's counsel of the fully signed Agreement. Time is of the essence in payment of the Settlement Payment to the Trustee. In exchange for the Settlement Payment, Trustee agrees to forego pursuing all additional value alleged to be owed in the Former Suit and to the other terms set forth in this Agreement.

2. **Release by Trustee/Debtors.** Effective upon receipt by Trustee of the executed Agreement and the Settlement Payment in good funds, Trustee, on his own behalf and in his capacity as Trustee on behalf of Debtors and Debtors' bankruptcy estates, shall be deemed to have released and discharged RSM and its respective subsidiaries, affiliates, managed entities, directors,

officers, partners, employees, attorneys, advisors, agents, successors, and assigns from all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown), whether known or unknown that have been asserted or could have been asserted against RSM stemming from or relating to the Former Suit, the Debtors or the Bankruptcy Estates, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code, the Texas Uniform Fraudulent Transfers Act or comparable state statutes and/or the use of any released claim as a defense to any claim; provided, nothing contained herein, however, shall act as or constitute a release of the rights of Trustee or Debtors to enforce this Agreement.

3. **Release by RSM**. RSM and its respective agents, assigns, attorneys, directors, employees, insurers, managers, members, officers, representatives, and successors, does hereby release Trustee, Debtors, and the Bankruptcy Estates, and their agents, assigns, attorneys, directors, employees, insurers, representatives, of and from any and all damages, claims, demands, liabilities, penalties, legal, equitable, and administrative relief, interests, rights and causes of action, whether known or unknown, that have been or could have been relating to the facts alleged in the Former Suit and/or the Bankruptcy Cases; provided nothing contained herein, however, shall act as or constitute a release of the rights of RSM to enforce this Agreement or a release of any claims RSM may have against any non-debtor third parties or their representatives or RSM's legal right to file a proof of claim in the amount of the Settlement Payment.

4. **No Assignment of Claims.** Each of the Parties represents and warrants to the other that it is the sole and lawful owner of all right, title, and interest in and to every claim and cause of action and other matter to be released pursuant to this Agreement, and that it has not heretofore

assigned or transferred or purported to assign or transfer, to any person or entity, any of the claims, causes of action and/or other matters released pursuant to this Agreement.

5. **Court Approval.** This Agreement is subject to Bankruptcy Court approval. The Settlement Payment shall be held in trust by Trustee until such time as the Court enters an order approving this Agreement.  In the event the Court denies approval of this Agreement, Trustee shall return the Settlement Payment to RSM, and this Agreement shall be deemed null and void.

6. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All Parties declare, represent, warrant, and acknowledge that no promise, inducement, or agreement not herein expressed has been made to them and that this Agreement contains the entire agreement between them.

7. **No Admissions.** It is expressly understood and agreed this Agreement has been entered into to settle a dispute, and RSM does not admit liability of any type, but instead denies any and all liability regarding the claims asserted in the Former Suit. This Agreement shall not be admissible in any judicial, administrative, or other proceeding or cause of action as an admission of liability by any of the Parties.

8. **Representation by Counsel; Attorneys' Fees and Costs.**  RSM acknowledges that it has had the right to representation by an attorney of its own choosing and that McDowell Hetherington has acted solely as counsel for the Trustee.  Each Party to this Agreement will pay its own costs and attorneys' fees with respect to the Former Suit. Should any Party have to file suit to enforce this Agreement, however, such Party may recover legal fees incurred in connection with such suit.

9. **Modification and/or Waiver.**  No change or modification of this Agreement shall be valid or binding upon the Parties hereto unless such change or modification is in writing and

signed by all the Parties hereto. No waiver of any of the terms or provisions herein shall be valid unless signed by the Party against whom such waiver is asserted.

10. **Multiple Originals.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. This Agreement may be executed by an email, telecopy, or facsimile signature.

11. **Choice of Law**. This Agreement, and the relationship between the Parties arising from this Agreement, shall be governed by the laws of the State of Texas, including the relevant conflict of law provisions.

12. **Savings Clause.** Any provision of this Agreement that is prohibited by law shall be ineffective to the extent of such prohibition without invalidating the remaining provisions of this Agreement.

13. **Headings**. The headings/titles of the paragraphs of this Agreement are included for reference only and do not control, effect or modify the text of this Agreement.

Executed on October 27, 2022.

**Christopher R. Murray,**  
**Chapter 7 Trustee for Debtors,**  
**Anchor Drilling Fluids USA, LLC**  
**and Q'Max America, Inc.**

**RSM US LLP**

By: */s/ Allison McDonald*

Name: Allison McDonald

Its: Senior Counsel