IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'Max America, Inc., *et al* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH SPHERA SOLUTIONS, INC., AND MCDOWELL HETHERINGTON'S APPLICATION FOR PAYMENT OF CONTINGENCY FEE**

*(Relates to Doc. No. _____)*

**CAME FOR CONSIDERATION** on the *Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Compromise and Settlement with Sphera Solutions, Inc., and McDowell Hetherington's Application for Payment of Contingency Fee* filed by Trustee.[2] After considering the Motion, all responses thereto, the arguments of counsel and the evidence presented, if any, the Court is of the opinion and finds that: (i) notice of the Motion was in all respects adequate and proper; (ii) the Motion has merit, meets the standard set forth in *Protective Committee's for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,*[3] (iii) the proposed compromise between Trustee and Sphera, as recited in the Motion and as set forth herein, should in all things be approved accordingly, it is hereby:

**ORDERED** the Motion is Granted in its entirety; it is further

**ORDERED** the Settlement Agreement attached as Exhibit A to the Motion is Approved,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).
[2] Defined terms utilized herein shall have the same meaning ascribed to them in the Motion.
[3] 390 U.S. 414 (1967).

and the terms thereof shall be binding upon the Trustee and Sphera; it is further

**ORDERED** that Sphera Solutions, Inc., will pay the Trustee $6,500.00, as provided under the Settlement Agreement.

**ORDERED** that McDowell Hetherington is awarded compensation in the amount of $2,275.00 and reimbursement of approved expenses of $357.93 in connection with this settlement; and it is further

**ORDERED** that the Trustee is authorized to pay the compensation and fees awarded in this Order as a chapter 7 administrative expense only upon Trustee's receipt of the settlement payment due under the Settlement Agreement;

**ORDERED** that that upon entry of this Order on the docket, the Clerk shall simultaneously docket this Order in Adversary No. 22-06022;

**ORDERED** that Adversary No. 22-06022 is dismissed with prejudice; and it is further

**ORDERED** the Court shall retain jurisdiction as to the enforcement of this Order.

SIGNED this _____ day of _____, 2022.

_____
**Christopher M. Lopez,**
**United States Bankruptcy Judge**