# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made effective this ___ day of December 2022, by and between Christopher R. Murray, the Chapter 7 Trustee ("Trustee") for Q'Max America, Inc. ("QAI") and Anchor Drilling Fluids USA, LLC ("Anchor") (collectively, "Debtors") and Nabarrette, LLC d/b/a Silverback Transport ("Silverback") and Alice Nabarrette Castillo ("Castillo") (collectively, the "Parties"), as follows:

**WHEREAS**, on May 24, 2020 ("Petition Date"), Debtors commenced their voluntary Chapter 7 cases under Bankruptcy Case Nos. 20-60030 and 20-60031 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Case");[1] and

**WHEREAS**, in accordance with his authority, on May 21, 2022, Trustee filed suit against Silverback seeking to recover payments made by Anchor which Trustee asserts are avoidable under section 547 of Chapter 5 of Title 11 of the United States Code, along with other claims ("Suit"); and

**WHEREAS**, Silverback denies the material allegations in Trustee's Suit; and

**WHEREAS**, the Parties desire to compromise and resolve Trustee's Suit without further litigation and intend the terms and conditions of their agreement be set forth in this Agreement;

**WHEREAS**, it is expressly understood and agreed the terms of this Agreement are contractual and not merely recitals and that the agreements and stipulations contained in this Agreement, and the consideration exchanged, are to compromise all disputes associated with Trustee's Suit between the Parties, and no payments made nor releases or other consideration given shall be construed as an admission of liability on the part of any Party; and

---

[1] Debtor's bankruptcy cases are jointly administered under Case No. 20-60030, In the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

WHEREAS, in order to avoid the uncertainty, expense and delay of further litigation, the Parties wish to resolve the referenced disputes as set forth herein;

NOW THEREFORE, in consideration of the foregoing and hereinafter stated covenants and agreements, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the referenced disputes between the Parties are hereby settled and resolved as follows:

1. **Consideration.** Silverback shall pay $30,000.000 to Trustee ("Settlement Amount"), which amount must be **received** by Trustee on or before May 31, 2023. In exchange for Silverback paying the Settlement Amount, Trustee agrees to forego pursuing any additional amounts alleged to be owed in Trustee's Suit and to the other terms set forth in this agreement.

    a. However, time is of the essence in payment of the Settlement Amount to the Trustee. As such, contemporaneous with the execution of this Settlement Agreement, Castillo, the sole member of Silverback, will execute the Personal Guaranty, attached hereto as Exhibit 1, in the amount of $70,000.00 (the "Personal Guaranty Amount"), in favor of Plaintiff. If the Settlement Amount is not **received** by Trustee on or before May 31, 2023, Trustee will have the right to seek a judgment against Castillo for $70,000.00, pursuant to the Personal Guaranty.

2. **Release by Trustee/Debtors.** Effective upon receipt by Trustee of the executed Agreement and the Settlement Amount in good funds, on or before May 31, 2023, Trustee, on his own behalf and in his capacity as Trustee on behalf of Debtors and Debtors' bankruptcy estates, shall be deemed to have released and discharged Silverback and its respective subsidiaries, affiliates, managed entities, directors, officers, partners, shareholders, members, employees, attorneys, advisors, agents, successors and assigns from all claims, demands, and causes of action of any nature whatsoever (whether direct or derivative, liquidated or unliquidated, fixed or

contingent, matured or unmatured, known or unknown), whether known or unknown that have been asserted or could have been asserted against Silverback stemming from or relating to Trustee's Demand, the Debtors or the Bankruptcy Estates, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes and/or the use of any released claim as a defense to any claim; provided, nothing contained herein, however, shall act as or constitute a release of the rights of Trustee or Debtors to enforce this Agreement or the Personal Guaranty.

3.  **Release by Silverback.** Silverback and its respective agents, assigns, attorneys, directors, partners, shareholders, employees, insurers, managers, members, officers, representatives, and successors, does hereby release Trustee, Debtors, and the Bankruptcy Estates, and their agents, assigns, attorneys, directors, employees, insurers, representatives, of and from any and all damages, claims, demands, liabilities, penalties, legal, equitable, and administrative relief, interests, rights and causes of action, whether known or unknown, that have been or could have been relating to the facts alleged in Trustee's Suit and/or the Bankruptcy Cases, including the right to file a claim under 502(h) for any Installments paid, but in no circumstance an amount greater than the Settlement Amount; provided nothing contained herein, however, shall act as or constitute a release of the rights of Silverback to enforce this Agreement or a release of any claims Silverback may have against any non-debtor third parties or their representatives.

4.  **No Assignment of Claims.** Each of the Parties represents and warrants to the other that it is the sole and lawful owner of all right, title, and interest in and to every claim and cause of action and other matter to be released pursuant to this Agreement, and that it has not heretofore assigned or transferred or purported to assign or transfer, to any person or entity, any of the claims, causes of action and/or other matters released pursuant to this Agreement.

5. **Court Approval.** This Agreement is subject to Bankruptcy Court approval. The Settlement Amount shall be held in trust by Trustee until such time as the Court enters an order approving this Agreement. In the event the Court denies approval of this Agreement, Trustee shall return any amounts then made to Silverback, and this Agreement shall be deemed null and void.

6. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All Parties declare, represent, warrant, and acknowledge that no promise, inducement, or agreement not herein expressed has been made to them and that this Agreement contains the entire agreement between them.

7. **No Admissions.** It is expressly understood and agreed this Agreement has been entered into to settle a dispute, and Silverback does not admit liability of any type, but instead denies any and all liability regarding the claims asserted in Trustee's Demand. This Agreement shall not be admissible in any judicial, administrative, or other proceeding or cause of action as an admission of liability by any of the Parties.

8. **Representation by Counsel; Attorneys' Fees and Costs.** Silverback and Castillo acknowledge they have had the right to representation by an attorney of their own choosing and that McDowell Hetherington has acted solely as counsel for the Trustee. Each Party to this Agreement will pay its own costs and attorneys' fees with respect to Trustee's Suit. Should any Party have to file suit to enforce this Agreement, however, such Party may recover legal fees incurred in connection with such suit.

9. **Modification and/or Waiver.** No change or modification of this Agreement shall be valid or binding upon the Parties hereto unless such change or modification is in writing and signed by all Parties hereto. No waiver of any of the terms or provisions herein shall be valid unless signed by the Party against whom such waiver is asserted.

10. **Multiple Originals.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. This Agreement may be executed by an email, telecopy, or facsimile signature.

11. **Choice of Law.** This Agreement, and the relationship between the Parties arising from this Agreement, shall be governed by the laws of the State of Texas, including the relevant conflict of law provisions.

12. **Savings Clause.** Any provision of this Agreement that is prohibited by law shall be ineffective to the extent of such prohibition without invalidating the remaining provisions of this Agreement.

13. **Headings.** The headings/titles of the paragraphs of this Agreement are included for reference only and do not control, effect or modify the text of this Agreement.

Executed on January 23, 2023.

| | |
|---|---|
| **Christopher R. Murray,**<br>**Chapter 7 Trustee for Debtors,**<br>**Anchor Drilling Fluids USA, LLC**<br>**and Q'Max America, Inc.**<br><br>*/s/ Christopher R. Murray* | Nabarrette, LLC d/b/a Silverback Transport<br><br>By: *Alice N. Castillo*<br>Name: Alice N. Castillo<br>Its: President<br><br><br>*Alice N. Castillo*<br>**Alice Nabarrette Castillo, Sole Member of Nabarrette, LLC d/b/a Silverback Transport** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § § § § | CHAPTER 7 |
| Q'MAX AMERICA, INC., ET AL. | | CASE NO. 20-60030 CML |
| DEBTORS. | | (Jointly Administered) |
| CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE | § § § § § § § § § § § § § | |
| PLAINTIFF, | | ADVERSARY NO. 22-06017 |
| v. | | |
| SILVERBACK TRANSPORT, INC., | | |
| DEFENDANT. | | |

### PERSONAL GUARANTY OF ALICE NABARRETTE CASTILLO

On May 21, 2022, Christopher R. Murray, as chapter 7 Trustee ("Trustee" or "Plaintiff") for Anchor Drilling Fluids USA, LLC ("Anchor"), filed suit against Nabarrette, LLC d/b/a Silverback Transport ("Silverback"), to recover payments made by Anchor which Trustee asserts are avoidable under section 547 of Chapter 5 of Title 11 of the United States Code, along with other claims ("Suit).

The Parties, through their respective counsel, negotiated a settlement of Trustee's Suit. The Settlement Agreement between the Parties provides that Silverback will pay a total of $30,000.00 (the "Settlement Amount") to Trustee, which amount must be **received** by Trustee on or before May 31, 2023. Settlement Agreement at ¶ 1.

In the event Trustee does not **receive** the entire Settlement Amount by May 31, 2023, I, Alice Nabarrette Castillo ("Castillo") (Silverback's sole member), agree to personally pay Trustee $70,000.00 (the "Personal Guaranty Amount") in settlement of the Suit. To that end, I am providing this Personal Guaranty, in the amount of $70,000.00, to Trustee, which Trustee can seek to enforce if Silverback fails to pay the Settlement Amount and/or Trustee has not **received** the entire Settlement Amount by May 31, 2023.

I understand that, by signing this Personal Guaranty, I will be personally responsible, and legally obligated, to pay Trustee $70,000.00 if Silverback fails to pay the Settlement Amount and/or Trustee has not **received** the entire Settlement Amount by May 31, 2023.

Signed this 23 day of January, 2023.

*Alice N. Castillo*
Alice Nabarrette Castillo, Sole Member of Nabarrette, LLC d/b/a Silverback Transport