IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Q'Max America, Inc., *et al* [1] | § | Case No. 20-60030-CML |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH NABARRETTE, LLC, d/b/a SILVERBACK TRANSPORT AND ALICE NABARRETTE CASTILLO, AND MCDOWELL HETHERINGTON'S APPLICATION FOR PAYMENT OF CONTINGENCY FEE**

*(Relates to Doc. No._____)*

**CAME FOR CONSIDERATION** on the *Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Compromise and Settlement with Nabarrette, LLC, d/b/a Silverback Transport and Alice Nabarrette Castillo, and McDowell Hetherington's Application for Payment of Contingency Fee* filed by Trustee.[2] After considering the Motion, all responses thereto, the arguments of counsel and the evidence presented, if any, the Court is of the opinion and finds that: (i) notice of the Motion was in all respects adequate and proper; (ii) the Motion has merit, meets the standard set forth in *Protective Committee's for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,[3] (iii) the proposed compromise between Trustee, Silverback, and Castillo, as recited in the Motion and as set forth herein, should in all things be approved accordingly, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).
[2] Defined terms utilized herein shall have the same meaning ascribed to them in the Motion.
[3] 390 U.S. 414 (1967).

**ORDERED** the Motion is Granted in its entirety; it is further

**ORDERED** the Settlement Agreement attached as Exhibit A to the Motion is Approved, and the terms thereof shall be binding upon the Trustee, Silverback, and Castillo; it is further

**ORDERED** that Silverback will pay the Trustee $30,000.00, as provided under the Settlement Agreement.

**ORDERED** that McDowell Hetherington is awarded compensation in the amount of $10,500.00 and reimbursement of approved expenses of $359.53 in connection with this settlement; and it is further

**ORDERED** that the Trustee is authorized to pay the compensation and fees awarded in this Order as a chapter 7 administrative expense only upon Trustee's receipt of the settlement payment due under the Settlement Agreement;

**ORDERED** that that upon entry of this Order on the docket, the Clerk shall simultaneously docket this Order in Adversary No. 22-06017;

**ORDERED** that Adversary No. 22-06017 is dismissed with prejudice; and it is further

**ORDERED** the Court shall retain jurisdiction as to the enforcement of this Order.

SIGNED this _____ day of _____, 2023.

                                          _____
                                          **Christopher M. Lopez,**
                                          **United States Bankruptcy Judge**